## MARIA B. DAYTON *vs.* CITY OF ST. PAUL.

### February 18, 1876.

**Amendments to Constitution—Majority Requisite for Ratification.**—Under § 1, art. 14, of the constitution, an amendment proposed for ratification by the people is ratified if it receive a majority of the votes upon it, although the votes in its favor be not a majority of all the votes cast at any election for other purposes held at the same time and place at which the amendment is submitted.

*Certiorari* to the court of common pleas of Ramsey county, in which court a judgment had been rendered against certain land of the plaintiff for the amount of an assessment for a local improvement in the city of St. Paul. The sole ground on which it was sought to reverse the judgment was that the amendment to Const. art. 9, § 1, upon which depended the validity of Sp. Laws 1871, ch. 32, under which the proceedings were had which resulted in the judgment, was not properly ratified by the people, " because

a majority of all the voters present and voting at the election at which the question of the adoption of such proposed amendment was voted upon, did not vote in favor of the adoption of the same."

*Gilman, Clough & Lane*, for plaintiff.

*W. A. Gorman* and *Lorenzo Allis*, for defendant.

GILFILLAN, C. J.   The court below could have jurisdiction to proceed against the property in question only by virtue of acts of the legislature passed upon authority, withheld by the original constitution, but given to the legislature by the amendment to § 1, art. 9, of the constitution, adopted November 2, 1869; therefore, the validity of those acts, and of the amendment under which they were adopted, necessarily comes in question.   Those acts are, so far as the questions raised in this case are concerned, valid, if that amendment is a part of the constitution; and whether it is a part of the constitution depends on this: Does art. 14, § 1, require that a proposed amendment shall, to be adopted, receive only a majority of the votes given upon the amendment, or, if it be submitted for the vote of the people at the same time and place when other matters or officers are voted for, must it receive a majority of all the voters who take part in voting for such other matters or officers?

The part of art. 14, § 1, bearing on the point reads as follows: "And if it shall appear, in a manner to be provided by law, that a majority of the voters present and voting shall have ratified such alterations or amendments, the same shall be valid, to all intents and purposes, as a part of this constitution."

The defendant claims that by reason of the words, " if it shall appear in the manner to be provided by law," and because the statutes provide that the two houses of the legislature shall canvass the votes, and declare the result of the vote, on a constitutional amendment, their declaration that an amendment has been adopted or rejected is conclusive.   This proposition would make the judgment of the

legislature, or of the officers or persons upon whom it might impose the duty of canvassing the votes, conclusive as to the meaning of the constitution. The words quoted refer only to the manner of giving the votes, of making the returns, of canvassing and announcing the votes, and by whom it shall be done. They do not contemplate that the legislature may itself put, or authorize any one else to put, a conclusive interpretation on the constitution. What that instrument means, and whether in the particular instance it has been complied with, must be determined by the judicial department whenever a case shall arise calling for such determination.

This amendment was submitted to be voted on at a general election. There were cast 26,636 votes for, and 2,560 against it. The aggregate vote for the office of governor was more than twice the number of votes in favor of the amendment, so that it received a majority of all the votes cast upon it, but not a majority of the votes cast at the general election at which it was submitted.

The precise meaning of the words, "that a majority of the voters present and voting shall have ratified such alterations or amendments," is not very clear. The doubt is as to what is intended by the words, "voters present and voting." Do they mean the voters present and voting upon the proposed amendment, or do they mean, in case the amendment shall be submitted (as the legislature may submit it) at an election for other purposes, the voters who may be present and take part in the election for such other purposes?

We are of opinion that the words refer to the voters who are present and vote, upon the proposition submitted to the electors, without respect to those who may be present and vote for other purposes at any election which may be held at the same time and place at which the proposition may, for reasons of convenience or other reasons, be submitted; and that those who may, at such time and place, come and vote for other purposes only are not to be regarded as

present and voting, so far as respects the proposed amendment.

It is the general rule, in affairs of government, that an election, or a voting, whenever called for, is to be determined by the votes of those who vote to fill the office which is to be filled, or for or against the proposition which is to be adopted or rejected, and not by counting, on either side, those who do not vote at all. To take a case out of this general rule requires a clearly manifested intention to apply a different one, and in two instances we find that the framers of the constitution have clearly manifested such an intention. The next subject-matter in the constitution to that we are considering is the matter of calling a convention to revise the constitution. The legislature shall recommend to the electors to vote, at the next election for members of the legislature, for or against a convention; and if a majority of all the electors *voting at said election* shall have voted for a convention, the legislature shall provide for calling it. Const. art. 14, § 2. And so in regard to laws changing county lines, or removing county seats, provided for by art. 11, § 1. They are to be submitted to the electors of the county or counties affected thereby, at the next general election after the passage thereof, and be adopted by a majority of such electors. This, as construed by this court in *Taylor* v. *Taylor*, 10 Minn. 107, requires a majority of the electors voting at the general election at which the law is submitted.

The language used in these two instances is so different from that used in reference to adopting proposed amendments, as to show that it was the intention to prescribe a different rule, and also to show that the framers of the constitution understood that the language used in art. 14, § 1, did not define the exceptional rules intended to be applied in the two instances we have referred to; and we think it does not show an intention to make the case an exception to the general rule.

Judgment affirmed.