STATE ex rel. HENRY F. GREENE v. T. W. HUGO.

HENRY F. GREENE v. CITY OF DULUTH and Others.[1]

June 28, 1901.

Nos. 12,642—(175).

## City Charter—Adoption of Amendment.

Section 36 of article 4 of our constitution, allowing cities to frame their own charters, requires for the adoption of amendments thereto three-fifths of the total vote cast for any purpose at the election at which the amendments are submitted. A majority of three-fifths of the vote cast upon the proposition of the amendments is not sufficient.

[1] Reported in 86 N. W. 784.

84 M.—6

The common council of the city of Duluth, acting as a canvassing board, having declared that at a general election at which the same were submitted certain proposed amendments to the city charter had not been accepted by the requisite three-fifths of the qualified voters of the city voting at such election, Henry F. Greene, a qualified elector and member of the charter commission, appealed to the district court for St. Louis county. Thereafter, on relation of the contestant, an alternative writ of mandamus was issued out of said district court, directed to the mayor and common council of said city, to determine the same question which was raised by the appeal, viz., whether the proposed amendments had been legally adopted. Pursuant to stipulation and order the cases were consolidated and tried together before Dibell, J., who found in favor of the contestees. From a judgment entered pursuant to the findings, the contestant, relator, appealed. Affirmed.

*Towne & Merchant*, for appellant.

*Oscar Mitchell*, for respondents.

START, C. J.

This is a contest as to whether two proposed amendments to the charter of the city of Duluth, which were duly submitted to the voters of the city at the general city election of February, 1901, were adopted by the electors, and became a part of the city charter. The trial court held that they were not, and judgment was entered accordingly, from which the contestant appealed.

Each of the proposed amendments received more than three-fifths of the vote cast upon the proposition of the amendments, but less than three-fifths of the total vote cast for any purpose at such election, and the sole question presented by the record for our decision is this: Does the constitution (section 36, art. 4), allowing cities to frame their own charters, require for the adoption of amendments thereto three-fifths of the total vote cast at the election, or only three-fifths of the vote cast upon the proposition of the amendment? The constitutional provision with reference to the submission of such amendments is this:

"Such charter so deposited may be amended by proposal therefor made by a board of fifteen commissioners aforesaid, published for at least thirty days in three newspapers of general circulation

in such city or village, and accepted by three-fifths of the qualified voters of such city or village voting at the next election."

A solution of the question calls for a construction of the phrase, "The qualified voters   *   *   *   voting at the next election," as used in this provision. Does it mean all the voters voting at such election, or only the voters voting upon the proposed amendment? If the constitution was not intended to mean just what it says, and the intention was to limit the words "voters" "voting at the next election" to voters voting upon the amendment, it would have been an easy matter to have said so. The construction placed by this court upon similar words contained in other parts of the constitution prior to the adoption of article 4, § 36, clearly indicates that the words were not used in any limited sense, but that they included all voters voting at such election.

In Taylor v. Taylor, 10 Minn. 81 (107), the court construed a then-existing provision of the constitution, which provided that all laws changing county lines or removing county seats should be "submitted to the electors of the county or counties to be affected thereby at the next general election after the passage thereof and be adopted by a majority of such electors," and held that such laws must be adopted by a majority of all of the electors (voters) voting at such election. This decision was followed in Bayard v. Klinge, 16 Minn. 221 (249), and Everett v. Smith, 22 Minn. 53. Again in State v. Stearns, 72 Minn. 200, 75 N. W. 210, the court construed the provision of the constitution which provides that any law amending or repealing any of the gross-earnings tax statutes of the state shall "be submitted to a vote of the people of the state, and be adopted and ratified by a majority of the electors of the state voting at the election at which the same shall be submitted to them."

And held that such ratification required a majority vote of all the electors voting at such election, and that a majority vote of all the voters voting for the law was not sufficient.

In all of these cases the significant words, which clearly indicated the meaning of the constitutional provision, were, "voting at such election," or their equivalents. Neither these words nor

their equivalents were in the provision of the constitution relating to amendments thereto, which was construed in the case of Dayton v. City of St. Paul, 22 Minn. 400, which is here relied upon by the appellant. The words construed in that case were "present and voting," and because the words "at said election" were not added, as in the section of the constitution relating to the calling of a constitutional convention, it was held that a majority vote of the voters present and voting on the proposed amendment was sufficient to adopt it. But the court in its decision expressly recognized the correctness of the rule in the case of Taylor v. Taylor, supra, and subsequent cases following it.

It is a significant fact in this connection that the language construed in the Dayton case has been amended so as to require a majority vote of all of the electors voting at the election, thus making all of the provisions of the constitution relating to the submission of any proposition to the voters of the state or a district practically uniform. It follows that a like construction must be given to all of such provisions. This, in view of the previous decisions of this court, can only be done by holding, as we do, that the phrase "the qualified voters  *  *  *  voting at the next election," as used in article 4, § 36, of our constitution, requires a three-fifths vote of the total vote cast for any purpose at the election at which proposed amendments to city charters are submitted, in order to secure their acceptance and ratification, and that a majority of three-fifths of the vote cast upon the proposition of the amendments is not sufficient.

Judgment affirmed.