GEORGE L. EVANS v. CITY OF REDWOOD FALLS and Others.[1]

February 14, 1908.

Nos. 15,350—(161).

**Intoxicating Liquor—Municipal Control.**

R. L. 1905, §§ 1519–1566, provide a general system for the regulation of the business of selling intoxicating liquors, which is operative throughout the state and imposes a standard of regulation below which no municipality may fall. It does not deprive municipalities of their existing charter powers to provide for such supplementary and additional regulations as are required by local conditions. Such additional regulations are not inconsistent with the general law.

**Charter Requirement not Repealed.**

The requirement of the charter of the city of Redwood Falls that all liquor licenses shall commence and terminate on the twentieth of January of each year was not repealed by chapter 90, Laws 1895, or by section 1522, R. L. 1905, and is still in force.

Action in the district court for Redwood county to restrain defendant city, its mayor and its recorder from issuing to Escar Bailey a license to sell intoxicating liquor. A temporary restraining order was granted, and on the return day of the order to show cause why it should not be made permanent until final judgment therein the court, Olsen, J., ordered that until final judgment therein, no license should be granted which did not terminate on January 20, 1908. From this order, defendants appealed. Affirmed.

*A. C. Dolliff,* for appellants.

*A. R. A. Laudon* and *C. T. Howard,* for respondent.

ELLIOTT, J.

This is an appeal from an order restraining the common council of the city of Redwood Falls from issuing a liquor license which is not to terminate on the twentieth day of January following the time of its issue. The record presents the single question whether the common council of that city can issue a liquor license under section

[1] Reported in 115 N. W. 200.

1522, R. L. 1905, in disregard of the provision of its charter which requires all such licenses to begin- and terminate on January 20 of each year.   This depends upon whether the provision of the charter in question was repealed by chapter 90, p. 211, Laws 1895, or by section 1522, R. L. 1905.

The legislature, by chapters 5, 6, and 81, pp. 40, 41, 129, Laws 1887, provided a general system for the regulation of the traffic in intoxicating liquors.   Section 3 of chapter 5, authorizing the issuance of liquor licenses, provided "that no license shall be granted for a longer period than one year or for a period beyond twenty days after the annual election in such village or city next ensuing after the date of such licenses."   Section 6, c. 6, p. 43, Laws 1887, contained a provision that "all licenses granted after the passage of this act, and before July 1st, one thousand eight hundred and eighty-seven, shall expire on said last named date:   Provided, that in any town, village or city where, under the existing laws, the licenses are granted in March, April, May or June, such licenses may be issued to terminate on July 1st, one thousand eight hundred and eighty-seven, on the payment of a pro rata of the amount of the license required by the existing laws for the entire year;   and provided further, that where in any town, village or city any license for the sale of intoxicating liquors has been granted since the first day of July, one thousand eight hundred and eighty-six, and before the passage of this act, any and all such licenses shall expire within one year from the date of issuing the same."   This latter section was of a temporary character, but the provision of chapter 5, above quoted, provided a general rule applicable in the future to all cases not otherwise specifically provided for.   It will be observed that this statute  recognizes the fact that the date of issuing licenses should bear some relation to the time of the local election.

Very soon after the enactment of the 1887 statutes the question of their nature and effect came before the court in State v. Peterson, 38 Minn. 143, 36 N. W. 443, and it was held that chapters 5, 6, and 81 superseded all inconsistent charter provisions as to the terms and conditions on which licenses might be issued, and also that the legislation was complete in itself and did not require additional local leg-

islation by city councils to render it operative and effectual. A few years later, in Kelly v. City of Faribault, 83 Minn. 9, 85 N. W. 720, this case was approved, and it was held that chapter 5, § 2, p. 40, Laws 1887 (which had become section 2023, G. S. 1894), forbade the granting of licenses for the sale of intoxicating liquors for a less sum than $500, but authorized the council of any city of the designated class to exact a license fee in excess of that sum. This power to provide for a higher license fee than that fixed by the general statute is expressly reserved to cities, and State v. Peterson, while holding that all inconsistent charter provisions were repealed, recognized the fact that certain power over the subject remained in the municipalities.

The question of the effect of the 1887 legislation upon city charters again came before the court in State v. Harris, 50 Minn. 128, 52 N. W. 387, 531, which involved the validity of an ordinance of the city of Minneapolis regulating the closing of saloons on Sunday. The penalty provided by the ordinance differed from that imposed by the state law, but it was held that the charter had not been repealed. "The general law," said Mr. Justice Dickinson, "does not necessarily repeal all local municipal ordinances or the previously conferred power to pass ordinances respecting this subject. Only in so far as the local ordinances or authority may be inconsistent with this general legislation has the latter a necessary repealing effect. An ordinance may be valid and effectual, even though it relates to matters which are made offenses and declared punishable under the general law, even though the punishment prescribed in both be not the same." That the different penalties prescribed in the Minneapolis ordinance considered in State v. Harris and the statute made them inconsistent was urged in State v. Lindquist, 77 Minn. 540, 80 N. W. 701. But the court said: "A change in the penalty provided by general laws for selling liquor contrary to such laws is in no manner inconsistent with the special charter provisions authorizing the city council of Minneapolis to license, regulate, and control the traffic within the city limits by ordinance, and to enforce it by appropriate penalties. Therefore the charter provisions and ordinance in question were not repealed by the general law of 1887 regulating the

sale of intoxicating liquors." See also State v. Scatena, 84 Minn. 281, 87 N. W. 764; City of Jordan v. Nicolin, 84 Minn. 367, 87 N. W. 915; State v. Marciniak, 97 Minn. 355-357, 105 N. W. 965.

The result of these decisions is that the 1887 legislation did not have the effect of repealing by implication all existing special laws and the ordinances enacted thereunder. The question in each case was: Was the existing charter or ordinance so inconsistent that it and the state law could not exist at the same time?

In 1891, after the legislature had adopted the general system of regulation provided by the 1887 acts, it passed a special statute (chapter 1, p. 1, Sp. Laws), which constitutes the charter of the city of Redwood Falls. By that act the city was authorized to enact ordinances regulating the traffic in intoxicating liquors, and it was provided that "no license shall be granted for a less term than one year, and all licenses shall commence and terminate on the twentieth day of January of each year." If any of the provisions of this statute were inconsistent with the existing laws, the result was to repeal the prior laws. Unquestionably the charter provision thus remained in force until the adoption of the Revised Laws of 1905, unless it was repealed by chapter 90, p. 211, Laws 1895. But that statute related only to one phase of the general subject, Sunday closing and the sale of liquor to minors and habitual drunkards. It amended section 1, c. 81, p. 129, Laws 1887. It contained no general repealing clause. There is a provision to the effect that its requirements are applicable to all municipalities, notwithstanding any contrary provisions in their charters. This had no application to and in no way affected the provision in the charter of Redwood Falls, which requires all liquor licenses to terminate on January 20 of each year.

Turning to the Revised Laws of 1905 we find that section 1522 provides that: "Licenses for the sale of liquor in municipalities may be granted by the councils thereof, and in other places by the county board. Every such license shall be for one year from its date, unless sooner annulled." There is no substantial difference between this provision and that which was contained in the prior statute. Under the rule of construction applied in Becklin v. Becklin, 99 Minn. 307, 109 N. W. 243, and State v. Stroschein, 99 Minn. 248, 109 N.

W. 235, the present statute must be construed as the continuance of the prior law. In this connection it should be noted that section 747, R. L. 1905, provides that, "unless otherwise provided in accordance with this subdivision, all cities existing at the time of the taking effect of the Revised Laws shall continue to be governed by the laws then applicable thereto." The charter of Redwood Falls is not included in the list of repealed statutes, and is therefore still in force.

This brings us to the general question whether the provisions of the present statute and the city charter are inconsistent. It is clear that the statutes of 1887, while enacted for the purpose of creating a general system for the regulation of the traffic in intoxicating liquors (State v. Robinson, 101 Minn. 277, 112 N. W. 269), was not intended to deprive municipalities of their charter powers to legislate upon the same subject-matter, so long as the municipal legislation was not inconsistent with the provisions of the general law. A certain standard of regulation is fixed by the general statute, and the statutory regulations to preserve this standard are operative throughout the state, regardless of local rules and regulations. Any local charters or ordinances which assume to lower this standard of regulation are inconsistent with the general law and void. The statute fixes the minimum degree of regulation which may be imposed in any locality. More stringent rules may, however, be adopted under the legislative authority contained in municipal charters, and so long as they embody the substance of the general law and merely add thereto the further regulations required by local conditions they will be sustained. The theory of municipal local government implies the necessity for special regulations within a certain locality, due to the congestion of population and the peculiar conditions resulting therefrom. Neither the legislation of 1887 and the acts amendatory thereof, nor section 1522, R. L. 1905, deprive municipalities of their charter powers to enact supplementary local legislation necessary to meet the peculiar local conditions.

Applying these rules to the facts of the present case, we find no difficulty in reaching the conclusion that the provisions of the Redwood Falls charter, requiring all liquor licenses to begin and terminate on the twentieth of January of each year, is still in force and

must be observed by the city council. The general statute is complied with when the license is issued for one year from its date. The requirement that it shall issue on the twentieth of January and terminate on the corresponding date one year thereafter is a strict compliance with the general law and the city charter. Every such license is for one year, unless sooner annulled. In other words, compliance with the provisions of the city charter is compliance with the general statute. The necessity for the additional regulation provided for by the charter arises out of local conditions, the recognition of which in no wise conflicts with the general statute and the system of general regulation therein provided for.

The appellant contends that the provisions of the city charter with reference to the terms of liquor licenses is unreasonable and therefore void. The doctrine of unreasonableness applies only to city ordinances enacted in pursuance of general charter power over the subject-matter. It has no application to statutes enacted by the legislature. Such statutes are never unreasonable, although they may be unconstitutional, because in violation of some provision of the state or national constitution.

The order of the trial court is therefore affirmed.