## L. E. KLEPPE v. GEORGE H. GARD.[1]

December 10, 1909.

Nos. 16,295—(76).

**Intoxicating Liquor — Local Option.**

   Section 1528, R. L. 1905, granting the right of local option to towns and incorporated villages, does not apply to the cities of the state.

Petition to the district court for Otter Tail county for a writ of mandamus commanding George H. Gard, clerk of the city of Fergus Falls, to receive and file a certain petition and to give notice at the same time and in the same manner as the notice of the charter election to be held in the city of Fergus Falls on April 6, 1909, that the question of license would be submitted at such election, or show cause why he had not done so. The writ being granted, respondent Gard answered that, under the home rule charter adopted in 1903, the common council of the city had full power to license the sale of intoxicating liquors, and there was no authority of law authorizing the voters of the city to vote upon the question whether license to sell intoxicating liquors should be granted by the council. From an order, Taylor, J., discharging the alternative writ and dismissing the proceeding, petitioner appealed. Affirmed.

   *Corliss & Olmstead* and *Anton Thompson,* for appellant.

   *Houpt & Field* and *Parsons & Brown,* for respondent.

BROWN, J.

   Relator, with other legal voters of the city of Fergus Falls, duly filed with the clerk of that city a petition in due form requesting the submission at the general city election to be held on April 6, 1909, of the question of licensing the sale of intoxicating liquors within the city. On the claim that the local option statutes of the state did not apply to the city of Fergus Falls, the clerk declined to act upon the petition or place the question upon the official ballots.

[1] Reported in 123 N. W. 665.

Whereupon relator applied to the district court and obtained an alternative writ of mandamus directing the clerk to place the question upon the official ballot or show cause to the contrary. At the hearing of this alternative writ in the court below, the position of the clerk that the local option statute (section 1528, R. L. 1905) did not apply to the city of Fergus Falls was sustained. The court ordered judgment discharging the alternative writ, and relator appealed.

1. The only general statute on the subject of local option, now in force in this state, is section 1528, R. L. 1905. That statute provides that "the clerk of any town or incorporated village" shall, on petition of ten legal voters, give notice that the question of licensing the sale of intoxicating liquors will be submitted to the voters at the "annual town meeting or annual or charter election" next to be held after the petition is filed. This, as will be noticed, is by its language limited to towns and incorporated villages, and does not, on its face, extend the local option system of determining the license question to cities. But it is claimed by relator that under a proper construction of the statute cities are included and come within the term "town," as used therein. To sustain this contention, counsel reviewed on the oral argument all previous statutes on the subject, and made a plausible, though not persuasive, argument.

Counsel are clearly in error. The original local option statute (chapter 112, p. 143, Laws 1875) applied by its express language to towns only, and was not intended to include all the municipal organizations of the state. It was never so understood, and, so far as our information extends, no attempt was ever made to apply it to any municipality except the rural town or township. There was a particular reason for the enactment of the statute, construed as generally understood, and as applicable only to towns. From an early day in this state, the board of county commissioners of each county had by statute been clothed with exclusive authority to grant or refuse licenses for the sale of intoxicating liquors in the municipal townships of the state, and that, too, without reference to the wishes of the town inhabitants. Under this authority licenses were granted without regard to the local sentiment, and "roadhouses," "halfway places," and other similar tippling resorts, were thrust upon the

people of the rural communities without let or hindrance. The license fees were paid to the county, and no part thereof was turned over to the townships in which the saloons were located, to assist them in policing the nuisance when once firmly established. This they were required to do, if at all, by a special tax upon the property of the town, receiving no aid whatever from the county.

This condition of things caused dissatisfaction, and ultimately brought from the legislature chapter 112, p. 143, Laws 1875, extending to the electors of the municipal townships the right to determine for themselves whether a saloon should be established within their territory. This was the first local option statute in this state, but it was clearly not intended to apply to incorporated cities and villages. It came as an amendment to section 1, c. 16, G. S. 1866, and was intended as a restriction upon the jurisdiction and authority of the board of county commissioners respecting licenses in townships, the only license which the board was authorized to grant.

County commissioners have not had, at least not since 1866, the right to grant licenses in incorporated cities and villages; for those municipalities, under their charters, have since an early day, and until the high license law of 1885, had exclusive authority upon this subject within their own limits, and, so far as granting or refusing licenses was concerned, were not controlled by chapter 16, G. S. 1866. So the conclusion is clear that the legislature by the act of 1875 did not intend to extend the local option privilege to the cities of the state, but only to limit the authority of the board of county commissioners, and permit the towns to say when saloons should be established in their territory. Although the word "town," as used in statutes, may in special instances be construed to include cities, whether a particular statute should be so construed is determined by the question whether the legislature so intended. In this instance it is clear that the legislature did not so intend.

This conclusion is further strengthened by the act of the legislature in 1885 extending local option to the incorporated villages of the state. Section 48, c. 145, p. 169, Laws 1885. If, as contended by counsel, the word "town," as a generic term, properly construed, includes all of its class, it would include villages as well as cities, and

there would have been no necessity for the act of 1885; for villages were, if that construction be adopted, included within the act of 1875. Evidently the legislature did not so understand it. There was no change in the law by the Revision of 1905. The substance of the preceding acts on this subject, that of 1875 and that of 1885, was carried forward into the Revised Laws, and continued the local option system of licenses to "towns and incorporated villages." Section 1528, R. L. 1905.

2. The second contention of relator is that section 1528, supra, was made applicable to the city of Fergus Falls by section 80 of its charter. That section provides that "all the general laws of the state of Minnesota pertaining in any manner to intoxicating liquors shall, as far as applicable, be in force in and apply to the city of Fergus Falls." The contention is that section 1528, extending local option to towns and incorporated villages, is a general law of the state, and by this provision of the charter is made applicable to the city. The contention is not sound. Section 1528 is by its language expressly limited to towns and villages, and does not apply to cities. Though a general law, it is not "applicable" to cities, and did not, therefore, become a part of the Fergus Falls charter.

Judgment affirmed.