# STATE ex rel. WILLIAM A. PEACOCK v. VILLAGE COUNCIL OF OSAKIS and Others.[1]

November 11, 1910.

Nos. 16,865—(47).

**Mandamus — performance of official act — attorney general may object.**
　　The attorney general may appear and contest proceedings in mandamus, when the object sought is to compel the performance by a public officer of an official act in connection with the police laws of the state.

**Same — issue of liquor license before approval of bond.**
　　It is doubted that mandamus will lie to compel the issuance of a liquor license, after a resolution of a village council granting the license, but before the acceptance of the fee and approval of the bond.

[1]Reported in 128 N. W. 295.

**Collateral attack on election return.**
> The result of a village election, as returned by the election officers, cannot be collaterally attacked.

**Sale of intoxicating liquor prohibited.**
> Section 1533, R. L. 1905, is a general provision applying to all municipalities having local option as to the sale of intoxicants, and superseded section 48, c. 145, Laws 1885.

**Question · of local option — majority vote of all votes cast.**
> When the question of issuing licenses to sell intoxicating liquors is duly submitted to the voters of a municipality, a majority in favor thereof of all the votes cast at the election is necessary to authorize the granting of such license by the municipal authorities.

Petition to the district court for Douglas county for a writ of mandamus to compel the village council of the village of Osakis to issue a license to sell liquor. The members of the village council made answer, admitted the allegations of the petition and alleged that the village recorder failed to issue the license sought, upon the sole ground that the village council was in doubt whether under the vote at the annual election it had the legal authority to grant the license, for the reason the poll list showed two hundred sixty persons offered to vote at the election and there were only one hundred thirty votes cast in favor of granting license, and therefore refused to grant the license. The matter was heard before Baxter, J., who granted a peremptory writ. From the judgment entered pursuant to the order for judgment, the state appealed. Reversed.

*George T. Simpson,* Attorney General, *George W. Peterson,* Assistant Attorney General, and *Constant Larson,* County Attorney, for the State.

*Donohue & Stephens,* for relator.

*Gunderson & Leach,* for defendants.

O'BRIEN, J.

This was a proceeding in mandamus, instituted upon the relation of William A. Peacock, to compel the council of the village of Osakis to issue and deliver to him a license to sell liquors in the village.

The members of the village council and the recorder were made parties respondent.

At the village election in March, 1910, the question whether or not liquor licenses should be granted by the village was duly submitted. The poll list contained two hundred sixty names, and that seems to have been the number of persons who actually voted at the election. Of this number, however, only two hundred fifty voted upon the license question; one hundred thirty voting in favor of, and one hundred twenty voting against, licensing the sale of intoxicating liquors. The election officers certified the result, and no contest was ever instituted. The relator subsequently applied to the village council for a license, and after notice and a hearing it was resolved by the council that the application be granted, and that relator be licensed to vend intoxicating liquors in the village for the year commencing April 1, 1910.

Thereafter the relator tendered the license fee and offered to furnish a bond; but, as alleged in the petition, "said council and treasurer of said village refused to receive said license money and said bond * * * upon the sole and only ground that * * * said village council is in doubt as to whether, under said vote at said election, they have the legal power and authority to grant said license." It was further alleged in the petition that two illegal votes were cast at said election, both against license. The respondents answered, admitting most, if not all, the allegations of the petition. The record shows the appearance, apparently without objection, of Mr. Constant Larson upon behalf of the state. Upon a hearing the allegations of the petition were found to be true, and judgment entered directing a peremptory writ as demanded. After the entry of judgment, the attorney general, in the name of the state, appealed to this court.

1. Relator has moved for a dismissal of this appeal upon the ground that the state is not a party to and has no interest in the proceedings. The motion must be denied.

The state, in its governmental capacity, has a direct interest in the enforcement of its laws regulating the sale of intoxicating liquors. The duty of securing the proper interpretation and enforce-

ment of those laws has been confided to the administrative public officers in the state. Of these the attorney general is the highest law officer, and to his discretion has been confided the part the state shall take in its governmental capacity in any specific case in which a police law of the state may be called in question. This proceeding is brought in the name of the state, and it would be strange if the relator were permitted to use the name of the state as plaintiff in a proceeding brought to compel the performance by a public officer of an official duty, and the highest law officer of the state were not permitted to take part and by a proper appeal bring the question before this court for final adjudication. State v. Robinson, 101 Minn. 277, 112 N. W. 269, 20 L.R.A.(N.S.) 1127; State v. Village of Kent, 96 Minn. 255, 104 N. W. 948, 1 L.R.A.(N.S.) 826; State v. Standard Oil Co., 111 Minn. 85, 126 N. W. 527.

2. It is, to say the least, very doubtful whether the petition states any ground for relief. It is, of course, well settled that such relief will only be granted to one who has a legal right to have the action taken which it is sought to compel; also that the courts will not attempt to control the exercise of the discretion vested by law in a public officer. It cannot be claimed that relator had a vested right to obtain the license, even after the adoption of the resolution by the village council. Until he had received the license, paid the fee, and performed the conditions required of him, there is no doubt the village council could have rescinded its action and refused to issue the license. But, assuming that the discretion of the council had been fully exercised, and nothing remained to be done except the ministerial act of delivering the license, it is necessary to consider the other questions presented by this appeal.

3. The election officers having canvassed the votes cast and duly made a return showing the result, that return is conclusive, except in a proceeding brought directly for the purpose of challenging it. The certificate of those officers attached to the petition in this case is as immune from collateral attack as the return of any other board of election officers or canvassers. McConaughy v. Secretary of State, 106 Minn. 392, 119 N. W. 408; State v. Churchill, 15 Minn.

369 (455).   The result of the election as certified by the election officers was, therefore, not open to question in this proceeding.

We do not understand this to be in conflict with the views of the learned trial judge before whom this proceeding was brought.   The allegations of the petition were all found to be true; but in the memorandum filed in connection with the findings the conclusion seems to be based upon the theory that, a majority of the votes cast upon the question being in favor of license, the result authorized the issuance of licenses by the council.

4. The village of Osakis was incorporated under chapter 145, p. 169, Laws 1885, section 48 of which provided for the submission of the question of license to the legal voters of any village so incorporated, and that the result should be determined by a majority of the votes cast on that question.   Section 1533, R. L. 1905, forbids the sale of liquor "in any town or municipality in which a majority of votes at the last election at which the question of license was voted upon shall not have been in favor of license."   If section 1533, R. L. 1905, is controlling, it is apparent that the village council of Osakis was not authorized to license the sale of intoxicants within the village, as, only one hundred thirty votes having been cast in favor of license, the proposition, while having a majority of the votes upon that question, failed to receive a majority of the two hundred sixty votes cast at the election.   State v. Hugo, 84 Minn. 81, 86 N. W. 784.

Section 698, R. L. 1905, provides for the continuance of village charters until the municipality reincorporates under the revised laws.   So the question arises whether section 48, c. 145, p. 169, Laws 1885, is a part of the charter of the village of Osakis, continued in force notwithstanding the provisions of section 1533, R. L. 1905.   We think this question is foreclosed by the prior decisions of this court.

The general provisions of the statutes regulating the licensing and sale of intoxicating liquors were intended to establish a uniform system of regulation upon that subject, and, while the municipalities were given the right to impose additional restrictions, they are not authorized to relax any of the general restrictions imposed by the

legislature.    State v. Robinson, 101 Minn. 277, 112 N. W. 269, 20
L.R.A.(N.S.) 1127; Evans v. City of Redwood Falls, 103 Minn.
314, 115 N. W. 200.    The number of votes required to authorize
the issuance of liquor licenses by the council of the village of Osakis
constituted no part of its charter, in the sense that it was a vested
right not subject to revocation.    The right of the state, under the
exercise of its police power, to legislate upon the subject of the sale
of intoxicating liquors, is one which it could not surrender, so as to
preclude the legislature from exercising it when and under what cir-
cumstances it saw fit.    This being true, we hold the provisions of
section 1533, R. L. 1905, control, and that the village council of
Osakis was without power to authorize the sale of intoxicating liquors
within the municipality.

The judgment appealed from is reversed.