## H. W. THUNE and Another v. JOHN M. HETLAND and Others.[1]

May 19, 1911.

Nos. 17,222—(249).

**Intoxicating liquor — local option — cities under home rule charter.**

R. L. 1905, § 1533, forbidding the sale of intoxicating liquor in any town or municipality in which a majority of votes at the last election at which the question of license was voted upon shall not have been in favor of license, has no application to cities of the fourth class operating under home rule charters.

**Same — policy of the state.**

A provision in such a charter, requiring the question of license to be submitted to the voters, and providing that, if a majority of the votes cast on such question are in favor of license, the city council may grant licenses, is not subversive of the declared policy of this state as to the sale of intoxicating liquors.

Action in the district court for Norman county to restrain defendants from issuing licenses for the sale of intoxicating liquors until a majority of the voters at an annual election of defendant city should have voted in favor of granting them. The answer admitted that plaintiff was a voter and taxpayer of defendant city; that various persons, residents and citizens of that city had duly applied for licenses for the sale of intoxicating liquors, and alleged that the city

[1]Reported in 131 N. W. 372.

of Ada was duly organized under a home rule charter, section 79 of which provides "that, if a majority of the votes cast at such election on said question shall be against license, no license for the sale of intoxicating liquors· shall be granted by the authorities of the said city of Ada, except for medicinal or mechanical purposes, but if the returns show that a majority of the votes cast at such election on said question be in favor of license, then the city council of the said city may grant licenses to sell intoxicating liquors therein in the manner prescribed by law."

The state through its attorney general filed its complaint in intervention and prayed for the same relief as plaintiff.

The case was tried before Watts, J., who made findings of fact and as conclusion of law found that defendants were entitled to judgment that the action be dismissed. From the judgment entered pursuant to the findings, intervener appealed. Affirmed.

*George T. Simpson,* Attorney General, and *Alexander L. Janes,* Assistant Attorney General, for the State.

*Lambert Prigge,* City Attorney, for respondent City of Ada.

*F. W. Zollman* and *Louis R. Frankel,* for respondent Herringer.

BUNN, J.

The city of Ada, in Norman county, Minnesota, is a city of the fourth class operating under a home rule charter adopted pursuant to article 4, § 36, of the constitution. Defendant Hetland is mayor, defendant Herringer clerk, and the other defendants members of the city council. At an annual election held March 14, 1911, the question of granting license for the sale of intoxicating liquors in the city was submitted to the voters. A total of 254 votes were cast on the question, 131 votes being in favor of license and 123 against. The total number of voters who voted at such election for mayor, clerk, and members of the council was 265. Eleven voters thus failed to vote on the question of license. The council determined that a majority of the votes cast at said election were in favor of license. Thereafter certain residents of Ada applied to the council for licenses to sell intoxicating liquor. Plaintiff, a legal voter and taxpayer in Ada, brought this action to enjoin defendants from

granting any licenses to sell liquor. The state of Minnesota intervened, asking in its complaint the same relief. Defendants answered, and the case was by agreement submitted to the trial court for decision on the pleadings. The court rendered a decision in favor of defendants, judgment was entered thereon, and the state of Minnesota appealed.

The question involved is whether section 1533, Revised Laws of 1905, applies to cities of the fourth class operating under home rule charters. If it does, then, as there was not a "majority of votes cast at the last election at which the question of license was voted upon" in favor of license, the sale of liquors is forbidden. State v. Village of Osakis, 112 Minn. 365, 128 N. W. 295. But, if this section does not apply, license carried under the provision of the charter of Ada that requires only a majority of those voting on the question. We are satisfied that section 1533 has no application to cities operating under home rule charters.

A city council may grant licenses, without submitting that question to a vote of the people, if it is so provided in its charter. Kleppe v. Gard, 109 Minn. 251, 123 N. W. 665. If this is not subversive of the declared policy of the state, certainly the provision of the charter of Ada requiring a submission of the question to a vote of the people, and making the result depend upon the votes of those voting on the question, does not violate the declared policy of the state. It is true that, under the constitutional amendment authorizing cities to frame their own charters, such charters must be in harmony with and subject to the laws of the state; but this limitation only forbids the adoption of any charter provision contrary to the public policy of the state, as declared by general laws, or to its penal code, for example, provisions providing for the licensing of prize fighting, or gambling, or prostitution, or those which are subversive of the declared policy of the state as to the sale of intoxicating liquor. Grant v. Berrisford, 94 Minn. 45, 101 N. W. 940, 1133.

Section 1533 is a part of the local option law of the state, applicable only to those towns and municipalities that are authorized by that law to vote upon the question of issuing license. It does not declare any policy of the state as to the number of votes necessary to con-

stitute a majority, that would make a provision in a home rule charter, fixing the number as a majority of those voting on the question, out of harmony with the laws of the state.

Judgment affirmed.