## JOHN W. McLAUGHLIN v. VILLAGE OF RUSH CITY.[1]

July 11, 1913.

Nos. 18,263—(282).

**Vote on local option — what constitutes a majority.**

    *Held*, following State v. Village Council of Osakis, 112 Minn. 365, that, in determining under section 1533, R. L. 1905, whether a majority of the votes cast at an election are in favor of or against license, all ballots cast, including those which are blank, as well as those so indefinitely marked that the intention of the voter cannot be determined, must be included in the total vote.

John W. McLaughlin appealed to the district court for Chisago county from the result declared on the question of issuing license to sell intoxicating liquors at the annual 1913 election for the village of Rush City. The village of Rush City appeared as contestee and served an answer to the petition of the contestant on appeal. The court appointed inspectors for the examination and recount of the ballots. The inspectors having made report, the appeal was heard before Stolberg, J., who made findings and as conclusion of law dis-

[1] Reported in 142 N. W. 713.

missed the proceeding. From the judgment entered pursuant to the order for dismissal, contestant appealed. Affirmed.

*Louis R. Frankel* and *D. E. Dwyer,* for contestant.

*Daniel Murphy,* for contestee.

BROWN, C. J.

The question of licensing the sale of intoxicating liquor was duly submitted to the voters of Rush City at the annual March, 1913, village election. Two forms of ballots were prepared for and used by the electors. One covering the license question, upon which was printed at the top, the words, "License Ticket," immediately below this caption, "Put a cross mark X after your choice," followed in separate lines by "For License," "Against License." The other ballot contained the names of candidates for village offices. The ballots when cast by the electors were deposited by the election officers in separate boxes and thus preserved. On the canvass of the ballots, it was found that 228 ballots had been cast upon the license question, and a like number for village officers. The canvassing board declared that 114 votes had been cast for license and 114 against license. Thereupon and within the time prescribed by law, a contest was duly commenced, and thereafter brought to trial. The contest challenged the correctness of the canvass of the votes, and presented the further claim that a majority of the votes cast at the election were in favor of license. The trial court found that 228 ballots were cast upon the license question, 114 of which were in favor of license and 112 against, two ballots being rejected because not properly marked by the voter. The court held that a majority of the votes cast at the election did not favor license, and the contest was ordered dismissed. Judgment was so entered and contestant appealed.

Two questions are presented: (1) Whether the court erroneously rejected a ballot claimed by contestant to have been cast in favor of license, and (2) in determining the total vote cast at the election, under section 1533, R. L. 1905, should ballots not so marked as to indicate a choice either way, and those not marked at all, be included or excluded.

1. The ballot in controversy, and which contestant claims should

have been counted for license was marked as follows.   We set out the ballot for a clear understanding of the question.

LICENSE TICKET

PUT A CROSS MARK "x" AFTER X

YOUR CHOICE

FOR LICENSE

AGAINST LICENSE

The cross mark was placed as above indicated, opposite the directions how to mark the ballot.   The words "For License" and "Against License" are printed an inch or more below the point where the X appears to have been made, and far removed from the place where it would indicate the choice of the voter.   We think the court properly rejected the ballot as too indefinite an expression of the intention of the voter to be counted either way.

2. The second question is ruled by State v. Village Council of Osakis, 112 Minn. 365, 128 N. W. 295, and Lodoen v. City Council of Warren, 118 Minn. 371, 136 N. W. 1031.   In the Osakis case there were 260 votes cast at the election, 130 of which favored and 120 opposed license, leaving 10 ballots with no expression of the voter's choice.   In holding that a majority had not voted for license, the court necessarily included in the total vote those ballots on which no choice was indicated.   If the court had taken into consideration only the ballots cast and counted upon the particular question, necessarily the conclusion would have been that a majority had voted for license. In the City of Warren case, 321 votes were cast at the election, 154 being in favor of license, 149 against, with 17 ballots blank upon the license question, and one so irregularly marked that the intention of the voter could not be determined.   In this situation the canvassing board declared that a majority of the votes cast were not in favor of license.   A contest followed and the action of the canvassing board was sustained.   In writing the opinion Justice Holt said that "a majority of the votes cast" means a majority of the whole number of electors voting at the election, and since the proposition for license did not receive a majority of the total vote so cast, the decision of the canvassing board was correct.   The case of Hopkins v. City of

Duluth, 81 Minn. 189, 83 N. W. 536, relied upon by contestant, was distinguished in the City of Warren case. The statute construed in that case differs in no essential respect from section 1533, R. L. 1905, which applies to the case at bar. Thune v. Hetland, 114 Minn. 395, 131 N. W. 372, involved the construction of the home rule charter of the city of Ada, which differs from the general statute upon the subject, and the case is not here in point.

The construction thus given to section 1533 remains the same, whether the election ballot be separate or coupled with that used for village officers. In either case the blank ballots, and those insufficiently marked, must be included in determining the total vote cast at the election. Nor does the case involve the question when, as in this particular election, separate ballots and separate boxes are used, one for the liquor question and one for municipal officers, and the total number of votes cast for the latter exceeds that cast upon the license question, whether the ballots cast for officers or the ballots cast upon the license question, should be taken as fixing the total vote cast at the election. The question does not arise in the case at bar for both ballot boxes disclosed the same number of ballots. It is probable in such a case that the separate vote upon the license question would control. But the question is not presented and we do not determine it. For reasons stated the conclusions of the trial court were in harmony with the views of this court, as expressed in the cited cases, and the judgment appealed from must be affirmed. The decisions referred to must be taken as settling the question as applied by section 1533, R. L. or any municipal charter containing similar language.

Judgment affirmed.