# CITY OF MANKATO v. LEE OLGER.

# CITY OF MANKATO v. HARRY PETERSON.

# CITY OF MANKATO v. EDWARD PETERSON.[1]

July 24, 1914.

Nos. 18,772—(215).

**City ordinance valid — sale of intoxicating liquor.**

1. An ordinance of the city of Mankato making it unlawful for a minor to frequent or loiter about a saloon, is not against the public policy of the state nor in conflict with the general laws of the state forbidding sale of liquor to minors, and it is valid.

**Immunity from criminal prosecution — witness before grand jury.**

2. The fact that in an investigation by a grand jury of a charge against another party the defendant has been required to give evidence which would tend to show that he himself had committed another crime, cannot give him perpetual immunity from prosecution for the offense committed by himself where such offense may be proven by independent evidence.

**Same.**

3. Chapter 192, Laws 1905, gives no immunity to the defendants in this case.

**Complaint — omission to indorse an order for warrant — defect waived after trial.**

4. The omission of the judge to indorse upon the complaint an order for a warrant as required by law, cannot avail defendants after plea, trial and conviction without raising the objection.

[1] Reported in 148 N. W. 471.

Note.—For authorities on the validity, construction, and effect of statutes regulating admission of minors to saloons, see note in 22 L.R.A.(N.S.) 1007.

Defendants were convicted, in the municipal court of Mankato, of the violation of ordinance No. 143 of the city of Mankato. From an order denying their motion for a new trial, Comstock, J., defendants appealed. Affirmed.

*Ivan Bowen,* for appellants.
*Arthur Schaub,* for respondent.

HALLAM, J.

Defendants were convicted in the municipal court of Mankato on the charge of violating an ordinance of that city, making it unlawful for a minor to frequent or loiter about a saloon. Several errors are assigned.

1. It is contended that this ordinance supersedes the general laws of the state, and that it is against the public policy of the state and is therefore void.

There can be no serious question as to the power of the city council to pass this ordinance if it is not in conflict with state law. Mankato has, under its charter, the power to regulate the sale of liquors. This gives it the undoubted power to pass an ordinance forbidding minors from frequenting or loitering about places where liquors are sold, Dillon, Mun. Corp. § 674, and to prescribe punishment for the violation of such an ordinance. City of Jordan v. Nicolin, 84 Minn. 367, 87 N. W. 915. It is contended, however, that this ordinance interferes with the enforcement of the laws of the state forbidding sale of liquor to minors. The contention is that if a minor is punishable for visiting the saloon the result will be that, when he is called as a witness against the person selling him liquor, he will either claim his privilege of refusing to incriminate himself, or, if he testifies at all, he will prove an unwilling witness for fear of disclosing facts which will render him liable to prosecution, with the result that the state will be unable to procure in such cases evidence that would otherwise be available.

It is well settled that a city has no power to pass an ordinance which is in conflict with the general laws of the state. It is also well established that the provisions of the statutes regulating the license and sale of intoxicating liquors were intended to establish

a substantially uniform system of laws upon that subject, State v. Robinson, 101 Minn. 277, 287, 112 N. W. 269, 20 L.R.A.(N.S.) 1127; State v. Village Council of Osakis, 112 Minn. 365, 128 N. W. 295, but that the legislature has not deprived cities of their power to legislate upon this subject so long as the municipal legislation is not inconsistent with the provisions of the general law. The statute fixes the minimum degree or regulation which may be imposed in any city. Any city ordinance which assumes to lower this standard of regulation is inconsistent with the general law and is void. More stringent rules may, however, be adopted by the city so long as they embody the substance of the general law and merely add thereto further regulations. Evans v. City of Redwood Falls, 103 Minn. 314, 115 N. W. 200; State v. Village Council of Osakis, 112 Minn. 365, 128 N. W. 295.

Applying these principles, we cannot hold that an ordinance forbidding minors to frequent or loiter about saloons is contrary to the policy of the state, nor that such an ordinance is inconsistent with the state laws for the regulation and restraint of the liquor traffic. The faithful enforcement of such an ordinance may assist materially in preventing forbidden sales of liquor to minors. The fact that such an ordinance may at times militate against the state in getting evidence against greater offenders presents a difficulty often encountered in criminal prosecutions, but one which cannot be regarded as presenting such a conflict with a state law as to render the ordinance void.

2. The next contention is that the prosecution of these defendants is an infringement of the constitutional protection from being compelled to be a witness against themselves. The ground of this contention is, that they were summoned as witnesses before the grand jury, and later before the court, and required to give testimony against certain saloon keepers charged with selling liquor to them, and by such testimony they criminated themselves. The contention is unsound. The testimony given before the grand jury and in court, though involving some of the same facts as the present prosecution, related to other offenses against other parties. No evidence given by these defendants was in any manner used against them in

this prosecution. We would not detract from the salutary constitutional guaranty that no man shall be compelled to be a witness against himself, Const. (Minn.) art. 1, § 7, but it clearly cannot avail these defendants in this case. The fact that in the investigation by the grand jury of a charge against another party the defendant has been required to give evidence which would tend to show that he himself had committed some other crime, cannot give him perpetual immunity from prosecution for the offense committed by himself where such offense may be proven by independent evidence. State v. Hawks, 56 Minn. 129, 57 N. W. 455. State v. Gardner, 88 Minn. 130, 92 N. W. 529, is not inconsistent with this rule. In that case the defendant made a showing that he had been compelled, under promise of immunity, by the foreman of the grand jury and the assistant county attorney, to be a witness against himself as to the subject-matter of the charge upon which he was subsequently indicted by the same grand jury. It was held that under this showing it was error to deny defendant's motion to quash the indictment without an investigation of the merits.

3. The next contention is that chapter 192, p. 243, Laws 1905, grants them immunity from this prosecution.

This section provides for the conduct of investigation before a justice of the peace or clerk of a municipal court, for the purpose of ascertaining whether liquors are being illegally sold, and, if it appears as a result of such examination that liquors are illegally sold, then for the issuance of a warrant for the offender; and it is provided that "no testimony given upon such hearing shall be in any manner used to the prejudice of the witness giving the same." It seems unnecessary to say that this is entirely foreign to this case.

4. The next contention is that the court was without jurisdiction, because the order of the judge of the municipal court for the issuance of a warrant was not indorsed upon the complaint, as required by chapter 119, p. 349, Sp. Laws 1885, under which the court was organized. This objection is purely technical and has no merit. Defendants entered their plea and went to trial without raising any question as to the jurisdiction of the court on this ground. The

defect in procedure was waived and cannot now avail defendants. State v. Fitzgerald, 51 Minn. 534, 53 N. W. 799.

Order affirmed.