JOHN GRANT and Another v. ENOCH F. BERRISFORD and Another.[1]

December 30, 1904.[2]

Nos. 14,028—(80).

**Municipal Charter.**

The requirement of the constitutional amendment authorizing cities to frame their own charters, that such charters shall be in harmony with and subject to the constitution and laws of the state, does not forbid the adoption of charter provisions as to any subject appropriate to the orderly conduct of municipal affairs, although they may differ in details with those of existing general laws.

**Contractor's Bond.**

The subject of contractors' bonds, to secure the performance of contracts with a city and the payment of laborers and materialmen, including the contents of the bonds and conditions and limitations as to their enforcement, is germane to the subject of municipal legislation.

[1] JOHN GRANT and Another v. ENOCH F. BERRISFORD and Another.

SAME v. JAMES G. DONNELLY and Another.

SAME v. JOHN H. DONOHUE and Another.

December 30, 1904.

Nos. 14,029, 14,030, 14,031—(81, 82, 83).

Appeal by defendants in each case from an order of the district court for Ramsey county, Brill, J., overruling a demurrer to the complaint. Affirmed.

*R. A. Walsh* and *D. E. Dwyer*, for appellants.

*B. H. Schriber, A. E. Horn, F. H. Ewing* and *Wm. F. Hunt*, for respondents.

PER CURIAM.

The question for our decision in each of these cases is identical with the one decided in the case of Grant v. Berrisford. We therefore hold, following the case cited, that each of the orders appealed from in these cases must be affirmed.

Orders affirmed.

[2] Reported in 101 N. W. 940, 1,113.

**Application of Statute.**

The provision of section 3, c. 307, p. 568, Laws 1897, providing that no action shall be maintained on·a contractor's bond unless written notice is given to the principal and sureties within ninety days after the last item of labor or materials is performed or furnished, has no application to contractors' bonds given pursuant to the citizens' charter of St. Paul.

Appeal by defendants from an order of the district court for Ramsey county, Brill, J., overruling a general demurrer to the complaint. Affirmed.

*R. A. Walsh* and *D. E. Dwyer,* for appellants.

*B. H. Schriber, A. E. Horn, F. H. Ewing* and *Wm. F. Hunt,* for respondents.

START, C. J.

Action by a materialman upon a contractor's bond given January 15, 1903, to the city of St. Paul, pursuant to the provisions of its charter, for the benefit of all persons who might perform labor or furnish materials in the execution of the contract. The defendants, who are sureties on the bond, interposed a general demurrer to the complaint. They appealed from an order overruling the demurrer.

The complaint alleges that on January 15, 1903, the principal in the bond, William J. Preston, entered into a contract with the city of St. Paul for the construction of a sewer in one of its streets; that, pursuant to the provisions of the city charter, the defendants executed to the city a bond conditioned upon the performance of the contract, and the payment as they should become due of all just claims for labor performed and materials furnished in the execution of the contract, and the saving of the city harmless in the premises; and, further, that the plaintiffs furnished the contractor, at his request, certain materials, of the agreed price and value of $195.65, which were used by him in the performance of the contract. The complaint, however, did not allege that the plaintiffs, within ninety days after furnishing the last item of such material, served upon the principal and sureties in the bond a written notice specifying the nature and amount of their claim, and the date of furnishing the last item of the materials, as provided by Laws 1897, p. 568, c. 307, § 3. The provisions of this general law, so

far as here material, are to the effect that no contract entered into by any municipality of the state for the construction of any public improvements shall be valid unless the contractor gives a bond to the municipality to pay as they become due all just claims for all labor performed or material furnished in the execution of the contract, and to save the municipality harmless in the premises.

> No action shall be maintained on any such bond unless the plaintiff, within ninety days after performing the last item of work or furnishing the last item of skill or material, shall serve upon the principal and the surety or sureties in said bond a written notice specifying the nature and amount of plaintiff's claim, and the date of furnishing the last item of said work, skill or material.

The charter of the city of St. Paul was adopted in the year 1900, pursuant to the constitutional amendment allowing cities to frame their own charters. Const. art. 4, § 36. This amendment contains, with others, this provision:

> Before any city shall incorporate under this act the legislature shall prescribe by law the general limits within which such charter shall be framed; * * * such charter shall always be in harmony with and subject to the constitution and laws of the state of Minnesota.

The charter contains provisions for the construction of public improvements, the letting of contracts therefor, and the giving of a bond by the contractor. The provision for giving such bond is in substantially the same terms as that contained in the general law, except it differs as to the amount of the bond, and contains no provision similar to the one we have quoted from the general law.

The sole reason urged by defendants in support of their demurrer is that the provision of the general law requiring notice of the nature and amount of the claims of the beneficiaries of the bond to be given within ninety days after the last item of labor or material is applicable to the city of St. Paul, notwithstanding its charter provisions. This presents the question whether the charter provisions relating to con-

tractors' bonds are in harmony with and subject to the constitution and laws of the state, as required by constitutional amendment.

If this limitation on the power of cities in framing their charters is to be construed as prohibiting the adoption of any charter provisions relating to proper subjects of municipal legislation and matters germane thereto, unless they are similar to and contain all the provisions of the general laws on the subject, then, as said by the learned trial judge: "All that the framers of a charter can do, where there is a law in existence at the time the charter is adopted, is to add such provisions as are not already contained in the law, and are not repugnant to it. If this is the extent of the power conferred upon cities to make their own charters, then the constitutional grant is a mere form of words, of no practical value." It is clear that such is not a proper construction of the limitation. This limitation forbids the adoption of any charter provisions contrary to the public policy of the state, as declared by general laws, or to its penal code—for example, provisions providing for the licensing of prize fighting or gambling or prostitution, or those which are subversive of the declared policy of the state as to the sale of intoxicating liquor. But it does not forbid the adoption of charter provisions as to any subject appropriate to the orderly conduct of municipal affairs, although they may differ in details from those of existing general laws. This is necessarily so, for otherwise effect could not be given to the constitutional amendment which fairly implies that the charter adopted by the citizens of a city may embrace all appropriate subjects of municipal legislation, and constitute an effective municipal code, of equal force as a charter granted by a direct act of the legislature. State v. O'Connor, 81 Minn. 79, 83 N. W. 498; State v. District Court of Ramsey Co., 87 Minn. 146, 91 N. W. 300; State v. District Court of St. Louis Co., 90 Minn. 457, 97 N. W. 132.

It follows that if the provisions of the charter of St. Paul as to contractors' bonds are germane to any proper subject for municipal legislation, they supersede the provisions of the general law on the subject. It is practically conceded by the defendants that the subject of contracts with the city, and the form, contents, and execution of the bond required of contractors who undertake to do public work, is a proper one for municipal legislation. But they contend that the city has no

interest in the matter of a limitation on the right of any one, except itself, to bring an action on the bond. The provision in the general law requiring notice within ninety days after the last item of labor or materials is done or performed, before bringing an action on the bond, is not analogous to a statute of limitations, but it is a condition precedent which must be performed before the right to bring an action on the bond accrues. Or in other words, it is a condition or burden placed upon the beneficiaries of the bond which they must perform or remove before they can avail themselves of its benefits. It is as much so as would be the case if this provision of the general statute was set out as a proviso in the bond.

Now, the prompt payment by the contractor for labor and materials used in the execution of a contract with the city for public improvements is a matter in which the city has a direct interest. Such payment is necessary to secure a speedy and honest performance of the contract, for it has a direct tendency to avoid labor strikes, and the withholding of materials for the work by materialmen. Any conditions or burdens which delay or make the enforcement of contractors' bonds more difficult or uncertain tend to increase the cost of labor and materials necessary for the execution of contracts with the city for making public improvements.

We hold, then, that the subject of city contracts for public improvements, and bonds to secure performance of them and the payment of laborers and materialmen, is a proper one for municipal legislation, and that the matter of contractors' bonds, and conditions and limitations as to their enforcement, is germane thereto. State v. District Court of St. Louis Co., supra. It follows that the charter provision in question is exclusive, and that the plaintiffs in this case were not bound to give the notice required by the general statute as a condition precedent to their right to sue on the contractors' bond. The complaint states a cause of action.

Order affirmed.