FRANK PETERSON v. CITY OF RED WING.[1]

May 10, 1907.

Nos. 15,133—(53).

**Personal Injury—Statutory Notice.**

Action to recover damages for personal injuries sustained by reason of an excavation in a street of the defendant. The notice of claim of damages complied with the provisions of the defendant's home rule charter, but not with the general law as to such notices (Laws 1897, p. 459, c. 248) enacted before the adoption of its charter by the city. The action was dismissed as to the defendant landowner, and she was not made a party to this appeal. *Held:*

1. It was not essential that the notice should comply with the general law; it being in accordance with the provision of the charter on the subject adopted after the general law was enacted. Grant v. Berrisford, 94 Minn. 45, followed.

2. The ruling of the trial court in dismissing the action as to landowner cannot be reviewed on this appeal.

3. Assignments of error, not urged in the brief of counsel, are waived.

Action in the district court for Goodhue county to recover $3,000 for personal injuries sustained by falling into an excavation in a sidewalk. · The case was tried before Williston, J., and a jury, which rendered a verdict in favor of the plaintiff against the defendant city for $225. At the conclusion of plaintiff's testimony, the action against the defendant Isabella Sterling, was dismissed. From an order deny-

[1]Reported in 111 N. W. 840.

ing a motion to vacate the verdict and for a new trial defendant appealed. Affirmed.

*F. M. Wilson,* for appellant.

*Johnson, Mohn & Mohn,* for respondent. .

START, C. J.

This action was brought in the district court of the county of Goodhue to recover damages which the plaintiff alleged that he sustained September 1, 1904, by reason of the defendants' negligence in leaving an unguarded and unlighted excavation in the sidewalk in front of the lot of the defendant Sterling, into which he fell, without negligence on his part, and was thereby injured. The defendants appeared by separate counsel and interposed separate answers. The city by its answer admitted the formal allegations of the complaint and put in issue all the others. The landowner made a similar answer and further alleged that the excavation was made by an independent contractor as a part of the necessary work of building in front of her lot a cement sidewalk, over which she had no control or supervision. When the plaintiff rested, the attorney of the landowner moved the court to dismiss the action as to her on the ground that he had failed to sustain the cause of action alleged in the complaint. Neither the plaintiff nor the defendant city objected to the granting of the motion, and the action was dismissed as to her, and no exception to the ruling of the trial court was taken by any one, nor did the defendant city, on its motion for a new trial, except to the ruling or assign it as error. Nor was the landowner made a party to this appeal. The jury returned a verdict against the city for $225, and it appealed from an order denying its motion for a new trial, and here assigns the following errors:

> First. The court erred in receiving over defendant's objection the notice marked "Exhibit A," to which exception was duly taken.
>
> Second. The court erred in dismissing the action at the close of plaintiff's case against its codefendant, Isabella Sterling.
>
> Third. The court erred in refusing to set aside the verdict and grant its motion for a new trial, because the evidence clearly establishes in character and weight the contributory negligence of the plaintiff.

1. The first alleged error relates to the reception in evidence over the objection of the city of the plantiff's notice to the city of the time and place of his injury and his claim for damages therefor. The objection to the notice is that it did not comply with Laws 1897, p. 459, c. 248. See Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375. The city of Red Wing, however, in February, 1904, adopted a home rule charter, in and by which express provision was made as to the whole subject of notice to the city of claims for damages for injuries by reason of defects in the streets, sidewalks, or bridges of the city. The provision so enacted or adopted was substantially the same as a provision in the former charter of the city. Sp. Laws 1887, p. 186, c. 3, subc. 14, § 4. The notice in this case fully complied with the provision of the city charter, but when it was offered in evidence it was objected to for the alleged reason that it did not comply with chapter 248, p. 459, of the Laws of 1897. Conceding that the notice was not a compliance with this statute, we have the question whether a compliance in this respect with the home rule charter was sufficient. The subject of notice to a municipality of claims for damages by reason of defects in its streets as a condition precedent to maintaining an action therefor is germane to the subject of municipal legislation; hence the provision of the home rule charter here in question is valid, and the general law on the subject in force when the charter was adopted is not applicable to this case. The notice was sufficient. Grant v. Berrisford, 94 Minn. 45, 101 N. W. 1133.

2. The defendant is not in a position to urge its second assignment of error, for the reason that no such question was raised in the court below, and, further, that the defendant landowner, as to whom the action was dismissed, is not a party to this appeal. She was not made a party to the motion for a new trial and the notice of appeal to this court was directed to and only served on the attorneys of the plaintiff and the clerk. She is not before the court, and we cannot review the action of the trial court in dismissing the action as to her. Adams v. City of Thief River Falls, 84 Minn. 30, 86 N. W. 767.

3. The only reference in the defendant's brief to its third and last assignment of error is that "the overwhelming weight of the evidence is that the plaintiff was guilty of contributory negligence." This is simply a reiteration of the assignment of error, and falls within the

rule that an assignment of errors not urged in the printed brief is waived. Romer v. Conter, 53 Minn. 171, 54 N. W. 1052; Minneapolis, St. Paul & Sault St. Marie Ry. Co. v. Firemen's Ins. Co., 62 Minn. 315, 64 N. W. 902; Hahn v. Bettingen, 81 Minn. 91, 83 N. W. 467, 50 L. R. A. 669.

It was urged on the oral argument that the evidence is insufficient to sustain a finding by the jury that the city was negligent in the premises. No such error was assigned by the defendant, and we cannot consider it.

Order affirmed.