## JAMES D. PARK v. CITY OF DULUTH AND OTHERS.[1]

### October 20, 1916.

### Nos. 20,034—(184).

**Highway — wheelage tax — power of legislature.**

1. The legislature has power to impose a wheelage tax upon vehicles, and to provide that the proceeds shall be used for the maintenance and repair of highways.

**Same — authority of municipal corporation.**

2. The city council of a city may impose such a tax for such purpose, upon vehicles maintained in the city, if it have legislative authority therefor.

**Home rule charter.**

3. The adoption of a home rule charter by people of a city is legislation, and the authority which it furnishes to city officers is legislative authority.

**Wheelage tax — authority of city of Duluth under amended charter.**

4. The Duluth charter authorizes the city council to impose a wheelage tax upon vehicles. Such power was expressly conferred by its charter of 1900. Its 1912 charter contains a provision that the city shall have all power possessed prior to its adoption, but subject to the restrictions contained in the new charter. This continues all power not inconsistent with the terms of the new charter, and continued the power to impose a vehicle tax.

**Wheelage tax — not in violation of motor vehicle act of 1911.**

5. This legislation is not forbidden by G. S. 1913, § 2637, which regulates the speed and operation of motor vehicles and forbids any

[1] Reported in 159 N. W. 627.

city from passing ordinances in respect to or limiting the use or speed thereof.

**Constitution — uniformity of tax.**

6. The ordinance does not violate the constitutional provision that taxes shall be uniform on the same class of subjects.

**Ordinance valid.**

7. It is not void because all licenses expire at the same time. Nor is it void as to resident owners of vehicles habitually used on the city streets because it fixes a minimum of one-quarter of the annual tax for use for a portion of a year.

Action in the district court for St. Louis county by plaintiff, in behalf of himself and all other persons using vehicles upon the streets, avenues or alleys of the city of Duluth, to restrain defendant city and its officers from enforcing the provisions of an ordinance adopted in July, 1910, and amended in 1911, by the city council of that city "regulating the use of streets, avenues and alleys within the city of Duluth by vehicles and imposing a tax or fee for such use" and for a temporary restraining order. The answer set up the adoption of the home rule charter for the city in 1900 and the amendment of the same in February, 1910, by adding the provision quoted at the beginning of paragraph 4 of the opinion, and the subsequent adoption in July, 1910, of the ordinance in question. The case was tried before Cant, J., who made findings and dismissed the action. Plaintiff's motion to amend the findings of fact and conclusions of law was denied. From the order denying his motion for amended findings and from the judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*John Jenswold* and *John D. Jenswold,* for appellant.

*John E. Samuelson, Leonard McHugh* and *M. T. O'Donnell,* for respondents.

HALLAM, J.

The city council of Duluth passed an ordinance imposing a wheelage tax upon vehicles using the streets of the city, the proceeds to be used in repairing and improving the city streets. The ordinance forbids the use

of the city streets to vehicles upon which the tax is not paid. Relator, a resident and owner of an automobile in the city, brings this proceeding to restrain the enforcement of the tax.

1. It is not seriously questioned that the legislature might impose a wheelage tax upon vehicles. We have no doubt that it might do so. The power of the legislature to tax is plenary. It is not dependent on any constitutional grant. The power to tax inheres in the state as an attribute of sovereignty, and it is without limit except as restricted by the Constitution. State v. City of Ely, 129 Minn. 40, 151 N. W. 545, Ann. Cas. 1916B, 189. There is no constitutional limitation which forbids this tax.

2. It is equally clear that the city council may impose such tax if it have legislative authority therefor. This form of taxation by municipalities is not new, and it is becoming more and more common. It is not an *ad valorem* tax, but a tax upon the privilege of using streets, the construction and repair of which entail great public expense. It imposes on those who cause most of the wear and tear of the streets, part of the burden of the expense of maintaining them. The imposition of such a tax by a city, if authorized by the legislative power of the state, is reasonable and lawful, and has quite generally been sustained. Ft. Smith v. Scruggs, 70 Ark. 549, 69 N. W. 679, 58 L.R.A. 921, 91 Am. St. 100; Harder's F. P. Storage & Van Co. v. City of Chicago, 235 Ill. 58, 85 N. E. 245, 14 Ann. Cas. 536; Tomlinson v. City of Indianapolis, 144 Ind. 142, 43 N. E. 9, 36 L.R.A. 413; City of Terre Haute v. Kersey, 159 Ind. 300, 64 N. E. 469, 95 Am. St. 298; City of St. Louis v. Weitzel, 130 Mo. 600, 31 S. W. 1045; Frommer v. City of Richmond, 31 Gratt. (Va.) 646, 31 Am. Rep. 746; Cooley, Taxation (3d ed.) p. 9.

3. We think there is legislative authority for this ordinance. Duluth operates under a home rule charter. The Constitution and general laws of the state confer upon the people of a city the power to frame and adopt its own charter. The adoption of such a charter is legislation. The authority which it furnishes to city officers is legislative authority. The people of a city in adopting a charter have not power to legislate upon all subjects, but as to matters of municipal concern they have all the legislative power possessed by the legislature of the state, save as such power is expressly or impliedly withheld. American Elect. Co. v. City of Waseca, 102 Minn. 329, 113 N. W. 899; St. Paul Book & Stationery Co.

v. St. Paul Gaslight Co. 130 Minn. 71, 153 N. W. 262, Ann. Cas. 1916B, 286; State v. City of International Falls, 132 Minn. 298, 156 N. W. 249.

4. The Duluth charter authorizes the city council to impose a wheelage tax upon vehicles. The old Duluth charter of 1900, as amended in February, 1910, authorized the city council

"To regulate the use of streets, avenues and alleys by vehicles, and to impose upon vehicles a tax or fee for the privilege of using the streets, avenues and alleys of the city, the proceeds of which tax or fee shall be used solely for the maintenance and repair of streets, avenues and alleys."

In 1912, the people of the city adopted a new charter. The above provision was not carried forward into the new charter. The 1912 charter did, however, provide (section 1) that the city should "have and exercise all powers, functions, rights and privileges possessed by the city of Duluth prior to the adoption of this charter * * * and * * * it shall have all the powers, and be subject to the restrictions contained in this charter." This sort of carry-all provision may not be the most approved form of municipal legislation, for it compels resort to an abandoned charter to determine the extent of existing municipal power, but the language is clear and unequivocal, and we must give it effect according to its terms. It says, and it means, that the city, under the 1912 charter, has all powers which it possessed prior to the adoption of that charter, subject to the restrictions contained therein. It continues all powers not inconsistent with the terms of the new charter. The power to impose a vehicle tax was one of these powers. By this general provision it was adopted into the new charter, and, since the new charter contained no provision inconsistent with it, it is in no sense repealed. The imposition of this tax is authorized by the city charter.

5. It is contended that this ordinance is forbidden by the general laws of the state. If so, it is void. The power conferred upon cities to frame and adopt their own charters is limited by the provision that such charter "shall always be in harmony with and subject to the Constitution and laws of the state." Const. art. 4, § 36. This does not prohibit the people of a home rule city from adopting a new municipal program which may be inconsistent with existing state laws. State v. Board of Water Commrs. of City of Duluth, 105 Minn. 472, 475,

117 N. W. 827, 127 Am. St. 581; Grant v. Berrisford, 94 Minn. 45, 101 N. W. 940, 1113. Any such rule would stifle municipal progress. They may legislate as they please upon any matter properly pertaining to city government so long as their legislation is not expressly or impliedly forbidden by some constitutional provision or legislative act.

It is contended that the legislature, by chapter 365, § 18, p. 500, Laws of 1911 (G. S. 1913, § 2637), forbids municipal legislation of this sort. This act was entitled:

"An act defining motor-vehicles; providing for the registration of the same; the licensing of the drivers thereof; regulating the use and speed of motor-vehicles; prescribing road rules; fixing the amount of registration and license fees; prescribing penalties for violation of the provisions of this act; repealing inconsistent acts and provisions, and making an appropriation of money to effectuate the purposes of the same."

After providing for state registration, the use of brakes, horns and lamps, and license tags, the use of muffler, the use of signals, the stopping of cars under certain conditions, the rate of speed of cars and the duty of drivers in the case of accident, there is found the section above cited, with this provision:

"No city * * * shall make or pass any ordinance, rule or regulation limiting or restricting the speed of motor-vehicles, and no ordinance, rule or regulation heretofore or hereafter made by any city * * * in respect to or limiting the use or speed of motor vehicles shall have any force, effect or validity."

What this section forbids is local regulation of the use or speed of motor vehicles. We do not think that it was the purpose to limit cities in their power to adopt their own scheme of taxation. Only indirectly does taxation limit the use of vehicles which occasion the tax. We hold that the act of 1911 did not forbid the enactment of this ordinance.

6. It is contended that the ordinance is unequal and unfair. As one example, it is said that it exacts $10 on account of a business truck and 50 cents per horse power on other cars. We do not think the inequality is such as to render the ordinance void. The Constitution provides that "taxes shall be uniform upon the same class of subjects." Const. art. 9, § 1. The question is, does the ordinance square with this requirement of the Constitution? Classification is the function of

the city council. Exact equality is not possible. If the classification is made on some reasonable basis, and is applicable without discrimination, to all similarly situated, it is valid. City of Terre Haute v. Kersey, 159 Ind. 300, 64 N. E. 469, 95 Am. St. 298; City of Des Moines v. Bolton, 128 Iowa, 108, 113, 102 N. W. 1045, 5 Ann. Cas. 906; Kellaher v. City of Portland, 57 Ore. 575, 582, 110 Pac. 492, 112 Pac. 1076. Business trucks and ordinary automobiles are unlike in their use. The use of the latter over greater area, and during a larger portion of the day, and the greater speed, might well appeal to the council as justifying a higher tax. We do not deem it necessary to further review the alleged inequalities in the ordinance. None are claimed to be greater than the above. The classification and schedules are not beyond the discretion of the city council.

7. The ordinance is not unreasonable because licenses are made to expire at a fixed date, April 30. Considerations of practical convenience do, no doubt, render this desirable. State v. Schoenig, 72 Minn. 528, 75 N. W. 711. If licenses are taken out at an intervening date, a proportionate tax is required to be paid, but none less than one-quarter of the yearly rate. In case of resident owners of vehicles who use them from day to day, this provision cannot be held unreasonable. Neither Moore v. City of St. Paul, 48 Minn. 331, 51 N. W. 219, nor State v. Finch, 78 Minn. 118, 80 N. W. 856, 46. L.R.A. 437, is in point.

It is urged that this minimum tax places an unreasonable burden upon the casual traveler not a resident in the city. See Pegg v. City of Columbus, 80 Oh. St. 367, 389, 390, 89 N. E. 14, 23 L.R.A. (N,S.) 453. This we are not called upon to decide. Plaintiff is not within this class. The ordinance is valid as to resident owners whose vehicles habitually use the streets. If invalid as to any small class of travelers this does render it void *in toto*.

Order affirmed.