## LIMITATION ON TIME FOR FILING INJURY CLAIMS AGAINST A MUNICIPALITY.

Common Pleas Court of Mahoning County.

ANNA SPOSATO *v.* CITY OF YOUNGSTOWN.

Decided May 14, 1926.

*Constitutional Law—Scope of Charter Provisions Relating to Local Self Government—Remedy Distinguished from Right of Action —Due Process of Law.*

The charter provision of the city of Youngstown that "the council shall prescribe by ordinance the periods within which notices of injuries to person or property claimed to have been sustained by reason of alleged negligence of the city must be presented as a condition precedent to the liability of the city," is a legitimate power of local self government. It relates to the remedy, and not to the right of redress, is not a denial of due process of law, and is a valid enactment.

*Anderson, Lamb & Marsteller,* for plaintiff.
*W. E. Lewis, Law Director,* for defendant.

JENKINS, J.

This matter is for hearing on plaintiff's demurrer to the second defense of the city's answer.

This defense alleges that plaintiff, whose claim is for personal injuries arising from a fall on an alleged defective sidewalk, did not file a claim within sixty days as prescribed by an ordinance, which is pleaded, such filing being made a condition precedent to the maintaining of an action for personal injuries against the city.

This ordinance was passed by virtue of Section 118 of the charter of the city of Youngstown which reads:

"The council shall prescribe by ordinance the periods within which notices of injuries to person or property claimed to have been sustained by reason of alleged negligence of the city must be presented as a condition precedent to the liability of the city."

This charter provision, and the ordinance enacted thereunder, to have any validity or vigor must derive the same from Sections 3 and 7 of Article XVIII of the Constitution of Ohio, the Municipal Home Rule Amendments of

1912. By virtue of these any municipality which frames and adopts a charter may exercise thereunder "all powers of local self-government."

If the ordinance and charter provision as to the filing of a claim as a condition precedent to an action against the municipality can fairly be held to be a power of local self-government it is valid; if not, it is invalid and the demurrer should be sustained.

The extent and meaning of the constitutional provision granting "all powers of local self-government" has been expressed by the Supreme Court as follows:

"As to the scope and limitations of this phrase 'all powers of local self-government' it is sufficient to say here that the powers referred to are clearly such as involve the exercise of the functions of government, and they are local in the sense that they relate to the municipal affairs of the particular municipality." *Fitzgerald* v. *Cleveland*, 88 Ohio St., 338 at p. 344.

"Consciousness of inadequate provision forbids an attempt at a conceptual definition of the phrase 'all powers of local self-government' to be applied to all cases that might arise. But an obviously correct descriptive definition is sufficient for the case in hand. They are such powers of government as, in view of their nature and the field of their operation, are local and municipal in character." *State ex rel.*, v. *Lynch*, 88 Ohio St., 71, at page 97.

"Any provision in a charter attempting to confer powers upon a municipal government in excess of the powers permitted to be granted by the constitution, or disregarding in any way the limitations imposed by that instrument, would be invalid. But it does not follow from this that a city may not by its charter confer on its government powers which are different from those conferred by general laws upon the municipal governments of the state generally. * * * By the approval of the state the city exercises part of the sovereign power under the limitations imposed, and may thereby, subject to such limitations, exercise all powers of local self-government. This involves no lack of the harmony that is essential and no loss by the state of its proper authority over the city and its people. The charter becomes the organic law of the municipality so far as such local powers are concerned. But the authority of the state is supreme over the municipality and its citizens as to every matter and every re-

lationship not embraced within the field of local self-government." *Billings* v. *Railway Co.*, 92 Ohio St., at pp. 484-5.

"The authority given by Article XVIII of the Constitution to adopt a charter, and exercise thereunder all powers of local self-government, is manifestly limited to matters of purely local and municipal concern. No power is thereby granted to legislate upon or interfere in any way with the affairs of the state government." *State ex rel.*, v. *French*, 96 Ohio St., 172 at p. 184.

Is this requirement of filing a claim, as a condition precedent to action, local and municipal in character? Is it a matter of purely local concern?

"The object of notice is to enable the officers of towns to obtain full and correct information concerning the cause and extent of injuries for which damages are claimed, while the physical facts are unchanged, and other facts relating to the accident are fresh in memory, and thereby to enable them to settle claims without litigation if they are honest and well founded, or to successfully resist them if they eurn out to be false or exaggerated." *Sargent* v. *Gilford*, (N. H.), 27 Atl., 306.

This would seem to be a subject appropriate to the orderly conduct of local or municipal affairs, a matter in which the municipality has a direct interest and a right to regulate and control and therefore one included in the power conferred by the Constitution upon municipalities. As said in *Peterson* v. *Red Wing*, (Minn.), 111 N. W., 840:

"The subject of notice to a municipality of claims for damages by reason of defects in its streets as a condition precedent to maintaining an action therefor is germane to the subject of municipal legislation; hence the provision of the Home Rule Charter here in question is valid, and the general law on the subject in force when the charter was adopted is not applicable to this case."

See also: *Schigley* v. *Waseka*, (Minn.), 118 N. W., 259; 116 Pac., 257 (Wash.); 45 Pac. 356 (Col.)

Although the legislature of Ohio in General Code 3823

as a condition precedent to suit against municipalities on claims for property damage, no general statute exists on the subject of personal injury claims against municipalities covered by the Charter.

If such matter is a proper subject of legislation for cities by action of the legislature, and authority is unanimous on that subject, it is a matter which is a proper subject of legislation by the city itself under constitutional authority to exercise all powers of local self-government, especially in the absence of any state law on the subject.

To apply the definition of "all powers of local self-government" in 88 Ohio St., p. 344, the powers sought to be exercised by this charter provision and ordinance "are clearly such as involve the exercise of the functions of government;" they are for the protection of the municipality and are therefore matters of "self-government;" "and they are local in the sense that they relate to the municipal affairs of the particular municipality." "Local" means "belonging or confined to a particular place; distinguished from general." *People* v. *Hills*, 35 N. Y., 451. The ordinance covers local claims for accident, because the place of the accident in every instance must necessarily be local.

The requirement of notice before suit relates to the remedy and not to the right. If complied with the statute of limitations is not affected. It is not a denial of due process of law. As stated in *State* v. *St. Louis*, (Minn.), 97 N. W., 134:

"Every person is entitled to a certain remedy in the law for the redress of all injuries or wrongs he may receive in his person, property or character. But he is not entitled to any particular remedy. Due process of law means an orderly proceeding adapted to the nature of the case in which the citizen has an opportunity to be heard to defend, enforce and protect his rights; and, where such opportunity is granted by the law, the citizen cannot complain of the procedure to which he is required to conform."

The demurrer is overruled with exceptions.