## STATE EX REL. TOWN OF LOWELL v. CITY OF CROOKSTON.
## R. E. KNUTSON, INTERVENOR.

91 N. W. (2d) 81.

June 13, 1958—No. 37,089.

*Stiening, Olson & Thysell,* for relator.

*L. A. Erickson,* for respondent.

MAGNEY, COMMISSIONER.

Upon the relation of the town of Lowell in Polk County, with the consent of the attorney general, this court issued a writ of quo warranto to test the validity of an annexation proceeding by the city of Crookston.

On April 24, 1956, a petition was presented to the council of the city of Crookston requesting the council to call an election on the question of annexing to the city of Crookston adjoining territory which was then a part of the town of Lowell. The area sought to be annexed contained a population of 281 persons. The city council adopted a resolution calling for an election to be held on May 8, 1956. The

election resulted in 78 ballots cast in favor of annexation and 73 ballots cast against. The resolution calling for the election was not presented to the mayor of the city of Crookston until May 23, 1956. It was signed by him on that day. The Honorable Rol E. Barron, judge of the district court for the seventh judicial district, acting as referee appointed by this court to hear the matter, found that the annexation proceeding was null and void.

The statutory procedure for annexation in a situation such as we have here is set out in M. S. A. 413.12. Relator admits that all the statutory requirements for a legal annexation existed or were complied with. It claims, however, that the failure of the city of Crookston to comply with the requirements of its own city charter in connection with the adoption of the resolution nullifies the proceedings. Section 413.12 provides:

"Subd. 2. Five or more of the legal voters residing within such territory may petition *the governing body* of such city to call an election for the determination of such proposed annexation. The petitioners shall first cause to be taken a census of the resident population of the territory and, if found to be 75 or more, the petition shall be presented to *the governing body* within four weeks thereafter. * * *

"Subd. 3. *The governing body* shall receive the petition and may in *its* discretion cause a copy thereof, with a notice attached thereto fixing a time and place for holding an election, to be posted in three public places within such territory. * * *

"Subd. 4. *The governing body* may appoint three inspectors, * * * who shall act as judges of the election * * *." (Italics supplied.)

The city of Crookston operates under a home rule charter. Section 20 reads in part as follows:

"* * * All ordinances and resolutions shall, before they take effect, be presented by the city clerk within forty-eight hours after their passage to the mayor for his approval, and if he approves the same he shall endorse his approval upon and sign the same. * * * Any ordinance or resolution not returned by the mayor within five days after it shall have been presented to him, shall have the same effect as if approved by

him; Provided, that no ordinance or resolution of the city council shall be approved or signed by the mayor within forty-eight hours after its passage."

Section 45 provides in part:

"* * * Every resolution shall be approved by the mayor and recorded by the city clerk before it shall take effect."

As has been stated, the resolution by the city council calling for the election was not presented to the mayor for his signature and it was not signed by him until after the annexation election had been held. The provisions of the charter of the city of Crookston were therefore in this respect not complied with, and the question presented to us concerns itself with the legal effect of such noncompliance. Relator contends that the pertinent charter provisions are mandatory and that they prevail over the general statutes relating to this matter, while respondent city's position is that the provision of the charter requiring the approval of the mayor on all resolutions is contrary to the annexation statute and therefore ineffective.

The general rule is that, in matters of municipal concern, home rule cities have all the legislative power possessed by the legislature of the state, save as such power is expressly or impliedly withheld. The adoption of any charter provision contrary to the public policy of the state, as disclosed by general laws or its penal code, is also forbidden. The power conferred upon cities to frame and adopt home rule charters is limited by the provision that "such charter shall always be in harmony with and subject to the constitution and laws of the state." Minn. Const. art. 4, § 36. But these limitations do not forbid the adoption of charter provisions as to any subject appropriate to the orderly conduct of municipal affairs, although they may differ from those of existing general laws. The adoption of such a charter is legislation. Grant v. Berrisford, 94 Minn. 45, 101 N. W. 940, 1133; Park v. City of Duluth, 134 Minn. 296, 159 N. W. 627; State ex rel. Ryan v. District Court, 87 Minn. 146, 91 N. W. 300; State ex rel. Barber Asphalt Paving Co. v. District Court, 90 Minn. 457, 97 N. W. 132.

The provisions of home rule charters upon all subjects proper for municipal regulations prevail over the general statutes relating to the

same subject matter, except in those cases above referred to. As stated in American Elec. Co. v. City of Waseca, 102 Minn. 329, 333, 113 N. W. 899, 901:

"* * * the provisions of home rule charters upon all subjects proper for municipal regulation prevail over the general statutes relating to the same subject-matter, except in those cases where the charter contravenes the public policy of the state, as declared by the general laws, and in those instances where the legislature expressly declares that a general law shall prevail, or a purpose that it shall so prevail appears by fair implication, taking into consideration the subject and the general nature of the charter and general statutory provisions."

To the same effect: State ex rel. Freeman v. Zimmerman, 86 Minn. 353, 90 N. W. 783, 58 L. R. A. 78; Peterson v. City of Red Wing, 101 Minn. 62, 111 N. W. 840; Turner v. Snyder, 101 Minn. 481, 112 N. W. 868; Schigley v. City of Waseca, 106 Minn. 94, 118 N. W. 259, 19 L.R.A. (N.S.) 689; Thune v. Hetland, 114 Minn. 395, 131 N. W. 372; State ex rel. Hilton v. Essling, 157 Minn. 15, 195 N. W. 539; State ex rel. City of Minneapolis v. Erickson, 157 Minn. 200, 195 N. W. 919.

A home rule charter so adopted has all the force of a charter granted by legislative act, and in all matters pertaining to municipal government the provisions of the home rule charter override general laws with respect to the same subject, except in situations to which we have already called attention. Hjelm v. City of St. Cloud, 129 Minn. 240, 152 N. W. 408; Markley v. City of St. Paul, 142 Minn. 356, 172 N. W. 215; N. P. Ry. Co. v. City of Duluth, 153 Minn. 122, 189 N. W. 937.

The general law states that "the governing body" may call an election. The city council did so by adopting a resolution. The city charter states that every resolution must be approved by the mayor before it shall take effect. The resolution was not approved by the mayor until after the election had been held. The charter provision requiring the approval of the mayor in connection with the adoption of resolutions, in order to make them valid, certainly does not contravene the public policy of this state as declared by the general laws. Neither has the legislature declared that, in annexation proceedings, the general law shall prevail,

nor is there anything in the legislative enactment to indicate by fair implication that such general law should prevail. The method and manner of enacting ordinances or adopting resolutions are local or municipal matters. It is not of statewide interest, and we see no reason why it should be. It is our opinion that the charter prevails, as the matter of requiring the approval of the mayor to resolutions adopted by the council is a matter of purely local concern, and neither the public policy, nor the constitution, nor the state laws prohibit it.

Let a writ of ouster issue.