A. C. E. EQUIPMENT COMPANY OF MINNESOTA, INC.
v. DONALD A. ERICKSON.

152 N. W. (2d) 739.

August 25, 1967—No. 40,501.

*Lewis L. Anderson,* for appellant.

*Keith M. Stidd,* City Attorney, and *D. J. Shama* and *Raymond H. Hegna,* Assistant City Attorneys, for respondent.

NELSON, JUSTICE.

This is a declaratory judgment action wherein A. C. E. Equipment Company of Minnesota, Inc., seeks a determination that it is entitled to a building permit to construct a high-rise apartment building on its property in the city of Minneapolis.

For plaintiff to be permitted to construct a high-rise, multidwelling unit on its property, it is necessary that the property be rezoned. On May 8, 1964, the city council amended its zoning ordinance in such a way as to permit such construction. This amending ordinance was vetoed by the mayor of Minneapolis on May 15, 1964. Subsequent to the veto, the council repassed the ordinance by a vote of 7 to 5, but Minneapolis City Charter, c. 3, § 1, requires a two-thirds vote of the council to override a veto by the mayor. Defendant, Donald A. Erickson, the city's chief building inspector, has not issued a building permit to plaintiff because it is his view that the amendment to the zoning ordinance failed because of the mayor's veto. The trial court agreed and granted defendant's motion for summary judgment.

The issue presented by this appeal is whether Minn. St. 1961, § 462.18, the enabling legislation in force when this amendment was attempted, takes precedence over the Home Rule Charter provision for adopting zoning ordinances and amendments thereto. Plaintiff's argument is that § 462.18 requires a majority vote of the council for matters involving zoning and that the mayor had no power to veto the ordinance.

Section 462.18 provides as follows:

"* * * [A]ny city of the first class * * * acting by and through its governing body, may by ordinance regulate the location, size, and use of buildings * * * and may thereafter alter the regulations * * *, such alterations, however, to be made only * * * after the affirmative

vote in favor thereof by a majority of the members of the governing body of any such city * * *."

The grant of power contained in this section permits the governing body to regulate zoning by ordinance. Presumably, the city has the power from the legislature to pass ordinances that are within the sphere of the grant. The question ultimately then must be whether the language of the above-quoted statute is intended to displace the manner in which ordinances are passed as provided by the Home Rule Charter. Defendant contends that since the legislature granted the power and provided that its exercise should be by ordinance no further construction of § 462.18 is required. Secondly, defendant argues that in purely local matters, such as zoning, the charter provisions prevail over general statutes regulating state-wide problems.

Plaintiff, however, contends that § 462.18 sets forth the required procedure for passing zoning ordinances in Minneapolis. If this view is correct, then it would seem that the mayor has no veto power with respect to zoning ordinances.

We cannot accept plaintiff's view since § 462.18 grants to municipalities through their governing bodies the power to regulate zoning by local ordinance. This constitutes an explicit grant of power. Said statute does not dictate the method that the local body should utilize while exercising that power. Rather, the legislature has bestowed upon Minneapolis a charter which specifies how Minneapolis must operate in order to pass an ordinance, and the general statute must give way to the specific legislation. The Minneapolis City Charter is such specific legislation and as such its provisions control in the instant case.

In State ex rel. Town of Lowell v. City of Crookston, 252 Minn. 526, 91 N. W. (2d) 81, we considered the charter of the city of Crookston, which provided that every resolution to be effective must be approved by the mayor. The city council of Crookston adopted a resolution calling for an election on an annexation petition which the mayor failed to approve until after the election had been held. Minn. St. 1957, § 413.12, in effect then, provided that "the governing body" might call an election where an annexation petition had been filed, but we held

that the charter provision prevailed and the annexation proceedings therefore were void.

The relator there contended that the pertinent charter provisions were mandatory and prevailed over the general statutes relating to that matter, while respondent city's position was that the provision of the charter requiring the approval of the mayor on all resolutions was contrary to the annexation statute and therefore ineffective. This court stated (252 Minn. 528, 91 N. W. [2d] 83):

"The general rule is that, in matters of municipal concern, home rule cities have all the legislative power possessed by the legislature of the state, save as such power is expressly or impliedly withheld. The adoption of any charter provision contrary to the public policy of the state, as disclosed by general laws or its penal code, is also forbidden. The power conferred upon cities to frame and adopt home rule charters is limited by the provision that 'such charter shall always be in harmony with and subject to the constitution and laws of the state.' Minn. Const. art. 4, § 36. But these limitations do not forbid the adoption of charter provisions as to any subject appropriate to the orderly conduct of municipal affairs, although they may differ from those of existing general laws. The adoption of such a charter is legislation. Grant v. Berrisford, 94 Minn. 45, 101 N. W. 940, 1133; Park v. City of Duluth, 134 Minn. 296, 159 N. W. 627; State ex rel. Ryan v. District Court, 87 Minn. 146, 91 N. W. 300; State ex rel. Barber Asphalt Paving Co. v. District Court, 90 Minn. 457, 97 N. W. 132.

"The provisions of home rule charters upon all subjects proper for municipal regulations prevail over the general statutes relating to the same subject matter, except in those cases above referred to. As stated in American Elec. Co. v. City of Waseca, 102 Minn. 329, 333, 113 N. W. 899, 901:

" '* * * the provisions of home rule charters upon all subjects proper for municipal regulation prevail over the general statutes relating to the same subject-matter, except in those cases where the charter contravenes the public policy of the state, as declared by the general laws, and in those instances where the legislature expressly declares that a

general law shall prevail, or a purpose that it shall so prevail appears by fair implication, taking into consideration the subject and the general nature of the charter and general statutory provisions.'

"To the same effect: State ex rel. Freeman v. Zimmerman, 86 Minn. 353, 90 N. W. 783, 58 L. R. A. 78; Peterson v. City of Red Wing, 101 Minn. 62, 111 N. W. 840; Turner v. Snyder, 101 Minn. 481, 112 N. W. 868; Schigley v. City of Waseca, 106 Minn. 94, 118 N. W. 259, 19 L. R. A. (N.S.) 689; Thune v. Hetland, 114 Minn. 395, 131 N. W. 372; State ex rel. Hilton v. Essling, 157 Minn. 15, 195 N. W. 539; State ex rel. City of Minneapolis v. Erickson, 157 Minn. 200, 195 N. W. 919.

"A home rule charter so adopted has all the force of a charter granted by legislative act, and in all matters pertaining to municipal government the provisions of the home rule charter override general laws with respect to the same subject, except in situations to which we have already called attention. Hjelm v. City of St. Cloud, 129 Minn. 240, 152 N. W. 408; Markley v. City of St. Paul, 142 Minn. 356, 172 N. W. 215; N. P. Ry. Co. v. City of Duluth, 153 Minn. 122, 189 N. W. 937."

This court then concluded that the charter prevailed; that the matter of requiring the approval of the mayor to resolutions adopted by the council was a matter of purely local concern; and that neither the public policy nor the state laws prohibited it.

In Green's Bar Inc. v. Johnson, 275 Minn. 471, 147 N. W. (2d) 686, the issue for decision was whether the veto power of the mayor of the city of Duluth, exercised pursuant to the Home Rule Charter of that municipal corporation, applied to a resolution of the city council purporting to grant an application for an on-sale liquor license. This court held that the governing body of the city of Duluth within the meaning of Minn. St. 340.11, subd. 4, providing that on-sale liquor licenses shall be granted "by the respective local governing bodies of the various municipalities of the state," is the city council exercising the delegated authority in the manner fixed by the charter of the city of Duluth, that is, by ordinance or resolution approved by the mayor or, in the event of a veto, made effective by an overriding vote of not less than six of the nine members of the city council.

Plaintiff cites as controlling Meyers v. Knott, 144 Minn. 199, 174 N. W. 842; State ex rel. Wenzel v. May, 190 Minn. 336, 251 N. W. 529; State v. Theo. Hamm Brewing Co. 247 Minn. 486, 78 N. W. (2d) 664; and Arlandson v. Humphrey, 224 Minn. 49, 27 N. W. (2d) 819. A reading of these cases indicates clearly that they deal with the construction of statutes and are useful only in reiterating the rule that if the language of a statute is plain or unambiguous there is no room for construction.

State ex rel. Beery v. Houghton, 164 Minn. 146, 204 N. W. 569, 54 A. L. R. 1012, 10 Minn. L. Rev. 54, sustained the validity of the original Minneapolis zoning ordinance adopted in the same manner as the ordinance in the instant case. Tamte v. Eddy, 205 Minn. 303, 285 N. W. 720, is another case which sustains the mayor's veto power under the charter of the city of Virginia, where the terms of the charter are almost identical with those of the city of Minneapolis. Meyers v. Knott, *supra,* and State ex rel. Wenzel v. May, *supra,* are completely distinguishable from the instant case. The Wenzel case is also distinguishable in the fact that in that case the election of trustees to the Minneapolis-St. Paul Sanitary District was involved. This court again reviewed the legislation which authorized the sanitary district, and, pointing to the clear terms of the act, held that because of the wording the city council of St. Paul had authority to appoint certain trustees to the sanitary board without reference to the mayor. The Wenzel case, therefore, has no controlling effect upon the issue of whether the mayor of the city of Minneapolis, acting pursuant to the Minneapolis City Charter, has the right to veto an amendment to the zoning ordinance. The trial court held that he had and, upon the record and the briefs submitted, the court below should be affirmed.

Affirmed.