**MUNICIPALITIES: ZONING: AMENDMENT:** With certain exceptions, municipal zoning ordinances may be adopted or amended by majority vote of governing body notwithstanding charter provision, or ordinance requiring greater majority. Minn. Stat. §§ 462.351, 462.357.

59a-32
(Cr. Ref. 441h; 477b-34)

January 25, 2002

Mr. Brian D. Neugebauer
Moorhead City Attorney
Ohnstad Twichell, P.C.
901 13th Avenue East
P.O. Box 458
West Fargo, ND  58078-0458

Dear Mr. Neugebauer:

Thank you for your letter concerning the number of city council votes required to adopt or amend zoning ordinances.

## FACTS

In 2001, the legislature amended Minn. Stat. § 462.357, subd. 2 to reduce the necessary voting majority for adoption or amendment of most municipal zoning ordinances from two-thirds to a simple majority of all members of the governing body. The City of Moorhead, a home-rule charter city, has enacted a zoning ordinance that requires a two-thirds council vote on all zoning issues in accordance with the previous state law.

You ask whether a home-rule charter city may adopt a more restrictive voting requirement than that required by state statute for adoption or amendment of zoning ordinances.

## OPINION

We answer your question in the negative.

First, it is well established that local units of government have no inherent powers, but can only take those actions expressly authorized by statute or home-rule charter or implied as necessary to carry out the powers expressly conferred. *See, e.g., Borgelt v. City of Minneapolis,* 271 Minn. 249, 135 N.W.2d 438 (1965); *Alexander v. City of Minneapolis;* 267 Minn. 155, 125 N.W.2d 583 (1963); *City of Birchwood Village v. Simes*, 576 N.W.2d 458 (Minn. Ct. App. 1998). Authority for municipalities to enact land use controls, including zoning ordinances, is expressly provided by Minn. Stat. §§ 462.351, *et seq. See, e.g., Alexander.*

Prior to 2001, Minn. Stat. § 4562.357, subd. 2 (2000) authorized adoption or amendment of zoning ordinances only by a two-thirds vote of all members of the governing body.

According to the facts provided, the Moorhead zoning ordinance is consistent with that requirement. It appears that two-thirds voting requirement in the ordinance was based solely upon the provisions of section 462.357, subd. 2 (2000). As you have noted, however, the legislature, by the Act of May 29, 2001, ch. 207 § 13, 2001 Minn. Laws 849, 854, amended that subdivision as follows:

> Subd. 2. **GENERAL REQUIREMENTS**. (a) At any time after the adoption of a land use plan for the municipality, the planning agency, for the purpose of carrying out the policies and goals of the land use plan, may prepare a proposed zoning ordinance and submit it to the governing body with its recommendations for adoption.
>
> (b) Subject to the requirements of subdivisions 3, 4 and 5, the governing body may adopt and amend a zoning ordinance by a majority vote of all its members. The adoption or amendment of any portion of a zoning ordinance which changes all or part of the existing classification of a zoning district from residential to either commercial or industrial requires a two-thirds majority vote of all its members of the governing body.
>
> (c) The land use plan must provide guidelines for the timing and sequence of the adoption of official controls to ensure planned, orderly, and staged development and redevelopment consistent with the land use plan.

(Underlined material added by amendment.)

Therefore, after the effective date of the 2001 amendment, there appears no remaining statutory authority for imposition of a two-thirds voting requirement for municipal zoning enactments other than those changing residential classification to commercial or industrial. Rather, a majority of the members of each city council is statutorily authorized to adopt or amend zoning ordinances.

Second, the fact that the statutory language is permissive in nature does not authorize the city to impose conditions or restrictions at variance with those expressly provided by statute. *Cf., RES Investment Co. v. County of Dakota,* 494 N.W.2d 64 (Minn. Ct. App. 1992) (County board did not have authority to impose limits on their own statutory jurisdiction to consider tax abatement applications). Nor may a council, by ordinance, impair or divest its successors' legislative power. *See, e.g., Minneapolis Street Railway Co. v. City of Minneapolis*, 229 Minn. 502, 40 N.W.2d 353 (1949) (Municipal corporation cannot, by contract, surrender or curtail police power); *Hanna v. Rathje*, 171 N.W.2d 876 (Ia. 1969) (City zoning ordinance could not impair successors' authority to amend); 4, McQuillin, Municipal Corporations § 13.03.15 (3rd Ed. ).

Finally, it is our opinion that the statutory provision for enacting or amending zoning ordinances by a majority vote supercedes any contrary provision that might be found in a city's

Mr. Brian D. Neugebauer
January 25, 2002
Page 3

charter.  Pursuant to the Constitution,[1] the legislature has granted city residents substantial authority to adopt home-rule charters, to empower and direct the governance of their cities and to provide for city legislation on matters of municipal concern.  *See* Minn. Stat. § 410.07 (2000) *State ex rel Town of Lowell v. City of Crookston,* 252 Minn. 526, 91 N.W.2d 81 (1958).  That grant of power does not, however, impair the ultimate power of the legislature to pre-empt local authority on matters it considers to be of statewide concern.  *Id., Lilly v. City of Minneapolis*, 527 N.W.2d 107 (Minn. Ct. App. 1995).  As to matters of zoning, the legislature has made clear its intent that the provision of sections 462.351 *et seq.* should be followed, rather than any conflicting local enactments.  Minn. Stat. § 462.351 specifically states:

> It is the purpose of sections 462.351 to 462.364 to provide municipalities, in a single body of law, with the necessary powers and a uniform procedure for adequately conducting and implementing municipal planning.

Furthermore, section 462.352 defines the term municipality for purposes of sections 462.351 to 462.364 to mean, "any city, including a city operating under a home rule charter . . . "

For the foregoing reasons, it is our opinion that Minn. Stat. § 471.357, subd. 2 (Supp. 2001), authorizing adoption or amendment of certain zoning ordinances by a majority of all members of the governing body, prevails over inconsistent municipal ordinances or charter provisions.  This reasoning is consistent with that reached in Op. Atty. Gen. 59A-32, October 13, 1955, which determined that the statutory requirement for a two-thirds vote to amend a zoning ordinance prevailed over inconsistent provisions in a city charter and ordinance.

Respectfully submitted,

MIKE HATCH
Attorney General

KENNETH E. RASCHKE, JR.
Assistant Attorney General

AG: 540296,v. 01

---

[1] Minn. Const. art. XII, § 4.